Filed March 5, 1889.

————————————

No. 13,390.

RATLIFF v. STRETCH.

PLEADING.—*Uncertainty.*—*Motion to make Specific.*—*Practice.*—The remedy for want of certainty in a pleading is by a motion to make it more specific.

SAME.—*Demurrer to Answer.*—*Harmless Error.*—Available error can not be predicated on a ruling sustaining a demurrer to one paragraph of an answer if the facts alleged therein are admissible in evidence under another paragraph which remains in the record.

MARRIED WOMAN.—*Judgment.—Estoppel.*—A married woman is bound by the decree of a court of competent jurisdiction, in a suit in which she is a party, the same as a *feme sole.*

QUIETING TITLE.—*Description.—Void Decree.*—A decree quieting title is void if the description of the land can not be ascertained from the record.

SAME.—*Defences Admissible under General Denial.—Harmless Error.*—In a suit to quiet title all defences may be given in evidence under the general denial, and, when it is pleaded, there is no available error in sustaing a demurrer to special paragraphs of answer.

From the Grant Circuit Court.

*A. Steele, R. T. St. John* and *H. Brownlee,* for appellant.

*R. W. Bailey,* for appellee.

COFFEY, J.—This was an action in the circuit court by the appellant against the appellee to quiet title to the real estate described in the complaint, situate in the original plat of the town of Marion.

The appellee answered the complaint by a general denial. She also filed a cross-complaint in three paragraphs, the first of which was afterwards withdrawn.

The second paragraph alleges that the appellee, as the widow of James A. Stretch, deceased, is the owner in fee of one-third of the real estate described in the complaint; that the plaintiff is in possession thereof, claiming title thereto. Prayer that her title be quieted, and that she have possession.

The third paragraph alleges that the appellee, as the widow of James A. Stretch, is the owner in fee of the undivided one-third of the land described in the complaint; that the plaintiff has been in the possession of the same for the period of ten years, renting the same to third parties, from whom he has collected six hundred dollars per year; that the rental value of defendant's one-third was three hundred dollars per year, which plaintiff collected and converted to his own use. Prayer for an accounting and for partition.

The appellant demurred to each paragraph of the cross-complaint, but his demurrer was overruled and he excepted.

Ratliff *v.* Stretch.

The appellee filed an amended first paragraph of cross-complaint, which alleges, substantially, that the real estate in controversy was owned by James A. Stretch, who was the husband of appellee; that Newton P. Stewart and Phillip Gallagher obtained a judgment in the Grant Circuit Court, in May, 1865, against the said James A. Stretch; that in October, 1865, Charles F. Thompson *et al.* also recovered a judgment in said court against him; that executions were issued on both of said judgments to the sheriff of Grant county, and levied upon said land; that said sheriff sold the same, on the said judgment of Stewart and Gallagher, to John Brownlee for the sum of one thousand dollars; that said sheriff also sold said land afterwards, on the judgment so recovered by Thompson *et al.*, to Davidson Culbertson for the sum of eighty-five dollars, which last sale was subsequently set aside; that the only title the plaintiff holds to the land in dispute is by virtue of quitclaim deeds from said Brownlee and Culbertson, whose only title was by virtue of said sales; that the plaintiff, by virtue of said quitclaim deeds, has been in possession of said land since the year 1868, and has received all the rents and profits thereof; that the defendant, at the time of the rendition of said judgments, was the wife of the said James A. Stretch, and continued so to be until his death, which occurred on the 20th day of June, 1880. Prayer for an accounting, and for a decree permitting appellee to redeem.

The appellant answered these several paragraphs of the appellee's cross-complaint by an answer containing seven paragraphs. The first is a general denial.

The second and fifth paragraphs of this answer are affirmative answers, addressed to the second paragraph of the cross-complaint.

The third paragraph is addressed to the third paragraph of the cross-complaint, and alleges, substantially, that in the lifetime of James A. Stretch appellant became and still is the owner in fee of all his interest in the real estate in contro-

Ratliff v. Stretch.

versy, upon judicial sale; that by virtue of his title so procured he took possession of the same; that it is suitable for a business house only; that at the time he so took possession of the same it was unimproved; that he has erected thereon a brick building of the value of $10,000, a part of which improvement was made during the lifetime of the said James A. Stretch, and part of the same, of the value of $1,000, since his death, all of which improvements were made with the knowledge and consent of the appellee; that the appellant has paid for taxes and street improvements against said property the sum of $2,000; that he holds a mortgage on said property, executed by the appellee and her husband, for $450, dated July 24, 1864, which is wholly unpaid. Prayer that in the event partition be awarded appellee these sums be taken into account.

The fourth paragraph is addressed to the whole cross-complaint, and alleges, in substance, that the land in dispute was conveyed to appellee prior to August, 1864; that at the time of the conveyance to her Newton P. Stewart and Phillip Gallagher owned a judgment rendered against James A. Stretch in the Grant Circuit Court; that at the August term of said court for the year 1864 said Stewart and Gallagher filed their complaint in said court against the appellee and her husband, the said James A. Stretch, praying that their said judgment be declared a lien on said real estate; that said court in said cause found, ordered and decreed against the appellee that said land and her interest therein be sold to pay said judgment, and that the same was a lien thereon; that upon said decree said land was sold by the sheriff of said county to John Brownlee, who conveyed the same to the appellant; that at the spring term, 1868, of said court the appellant filed his complaint against the said James A. Stretch and the appellee, alleging that he was the owner in fee of said land, and praying that his title thereto be quieted; that in said cause it was duly adjudged and decreed by the court

that neither of said defendants therein had any right, title or interest in or to said land, and that appellant's title thereto be quieted, and that defendants be forever enjoined from in any manner interfering therewith; that appellee has acquired no title in or to said real estate of any kind or description since the rendition of said decree.

The sixth paragraph is addressed to the third paragraph of the cross-complaint, and avers substantially the same facts set out in the fourth paragraph of the answer, with the additional allegations that James A. Stretch purchased the land in dispute with his own funds, and had the same conveyed to the appellee, who was his wife, for the purpose of cheating and defrauding his creditors; that said conveyance was set aside at the suit of Stewart and Gallagher in the Grant Circuit Court, and said property sold by the sheriff and purchased by Brownlee, who conveyed it to the appellant.

The seventh paragraph of the answer to the cross-complaint is addressed to the complaint as a whole, and alleges substantially the facts averred in the sixth paragraph of the answer.

The court sustained a demurrer to the second, fourth, fifth and seventh paragraphs of the answer to the cross-complaint, and the appellant excepted.

The appellee filed a reply to the third and sixth paragraphs of the answer to the cross-complaint, and the cause, being at issue, was submitted to the court for trial, without the intervention of a jury. Upon the evidence adduced, the court found for the appellee upon the third paragraph of her cross-complaint, and rendered a decree for the sale of the property in controversy, and for the payment to her of her share of the proceeds of the sale.

The appellant assigns as error:

*First.* That the court erred in overruling the demurrer to the first, second and third paragraphs of the cross-complaint.

*Second.* That the court erred in sustaining the demurrer

to the second, fourth, fifth and seventh paragraphs of the answer to the cross-complaint.

*Third.* That the court erred in overruling the motion for a new trial.

We think that each of the paragraphs of the cross-complaint stated a good cause of action. It is true that the second paragraph is not as specific as good pleading would require, but the remedy for a defect of that kind is by motion to make more specific, and not by demurrer. We do not think the court erred in overruling the demurrer to the cross-complaint.

As we have seen, the second and fifth paragraphs of the answer to the cross-complaint were addressed to the second paragraph of that pleading. As that paragraph was an action to quiet title, all defences, both legal and equitable, could have been given in evidence under the general denial, which was the first paragraph of the answer. There was, therefore, no available error in sustaining the demurrer to these paragraphs. Annotated Indiana Practice Code, section 1070; *West* v. *West,* 89 Ind. 529 ; *Hogg* v. *Link,* 90 Ind. 346.

The fourth and seventh paragraphs of the answer to the cross-complaint, in our opinion, stated a good defence. A married woman is as much bound by the decree of a court of competent jurisdiction as a *feme sole.* *Wright* v. *Wright,* 97 Ind. 444; *Gall* v. *Fryberger,* 75 Ind. 98.

But it is claimed by the appellee that no available error was committed in sustaining the demurrer to these answers, for the reason that all the facts therein averred could have been given in evidence under the third and sixth paragraphs. After a careful examination of these several answers, we are inclined to adopt the contention of the appellee. There is no available error in sustaining a demurrer to one paragraph, if the facts therein alleged can be given in evidence under a paragraph remaining in the answer. *Darrell* v. *Hilligoss, etc., G. R. Co.,* 90 Ind. 264.

It is contended by the appellant that the finding of the

circuit court is not sustained by the evidence. In support of this contention, it is claimed that there is no evidence in the record that James A. Stretch ever owned the land in dispute. The record upon this subject is very uncertain. The parties had it in their power to relieve this uncertainty by the introduction of the deeds in evidence, but this they did not do. There are some admissions in the record, as well as some recitals in the decree setting aside the deed to appellee, from which the court might have inferred that the title to this land was at one time in James A. Stretch.

The appellant also introduced in evidence a decree of the Grant Circuit Court in his favor against the appellee and James A. Stretch, quieting title, but no land is described in this decree. The complaint upon which it was based might have supplied this defect, but it was not read in evidence. A decree quieting title to land, unless the description can be ascertained from the record, is void.

We find no error in the record for which the decree of the circuit court should be reversed.

Judgment affirmed.

Filed March 7, 1889.