(April 6, 1895.)

## FRY v. SUMMERS.

[39 Pac. 1118.]

COMPLAINT—DEMURRER.—Under section 4538 of the Revised Statutes of 1887, an action to quiet title may be brought by any person against another who claims an estate or interest in real estate adverse to him for the purpose of determining such adverse claim. *Held*, the complaint states a cause of action under said section.
(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Charles L. Heitman and Albert Hagan, for Appellant.

An action to quiet title, under our code, is simply to determine any or all adverse claims thereto. (Idaho Rev. Stats., sec. 4538.) All that is necessary to allege in a complaint to quiet title and determine conflicting claims to real estate is to allege possession and ownership or possession or ownership in the plaintiff and that the defendant claims some title adverse to that of plaintiff. (2 Estee's Pleadings, sec. 2523; *Castro v. Barry,* 79 Cal. 446, 21 Pac. 946; *Curtis v. Sutter,* 15 Cal. 262, 263; *Stork v. Stors,* 6 Wall. 409.) Nor is such an action confined to the owner of a legal title but embraces every description of claim. (*Head v. Fordyce,* 17 Cal. 151; *Horn v. Jones,* 28 Cal. 204; *Joyce v. McAvoy,* 31 Cal. 287, 89 Am. Dec. 172, and note.) When the land office received the filing of the plaintiff, the land was then segregated from the public lands by the land department. (*Wilcox v. Jackson,* 13 Pet. 576; *Witherspoon v. Duncan,* 4 Wall. 218; *Deffenbach v. Hawke,* 115 U. S. 392, 6 Sup. Ct. Rep. 95; *United States v. Minor,* 114 U. S. 233, 5 Sup. Ct. Rep. 836; *Moore v. Robins,* 96 U. S. 530; *Orr v. Stewart,* 67 Cal. 275, 7 Pac. 693; *Pralas v. Pacific etc. Co.,* 35 Cal. 30; *Supelveda v. Supelveda,* 39 Cal. 13; *Chateau v. Pope,* 12 Wheat. 587; *Lyttle v. Arkansas,* 9 How. 333; *Hutton v. Frisbie,* 37 Cal. 475.)

S. E. Henry and Keat & Fogg, for Respondent.

No brief filed.

SULLIVAN, J.—This is an action to quiet title brought by
Richard Fry, as guardian *ad litem* of Clarence M. Fry, an in-
fant.   A general demurrer was interposed to the complaint and
sustained by the court, and judgment of dismissal entered, from
which judgment this appeal was taken.

The question for determination is, Does the complaint state
a cause of action?   The complaint alleges that Clarence M.
Fry is an infant, and that Richard Fry is the duly appointed,
qualified, and acting guardian of said infant, for the purposes
of this action; that said infant is an Indian, unmarried, not re-
siding upon any Indian reservation, and for whose tribe no
reservation has been provided by treaty, act of Congress, or
executive order, with other averments, bringing said infant
within the provisions of section 4 of an act of the Congress of
the United States known as the "General Allotment Act," ap-
proved February 8, 1887 (see 24 Stats. 388), and amendments
thereto approved February 28, 1891 (see Stats. 794); that, by
virtue of said act of Congress and amendments thereto, said in-
fant, through his mother, Justine Fry, on March 25, 1891, lo-
cated the land in controversy, it being unsurveyed and unap-
propriated government land; that after locating said land he,
through his said mother, took possession of said land, and im-
proved it; that on July 20, 1891, his mother, in his behalf, filed
in the land office at Coeur d'Alene, Idaho, an Indian allotment
application for said land; that said lands are agricultural and
grazing, and not mineral, lands; that appellant claims title and
right to possession by reason of his compliance with the provi-
sions of said acts of Congress; that respondent claims an inter-
est in said land adverse to appellant; that respondent's claim is
without right; that in July, 1892, respondent took possession
of said land, ejected appellant therefrom, and has since held pos-
session of the same.

After a careful consideration of this complaint, we are of the
opinion that it states a cause of action.   Section 4538 of the
Revised Statutes provides that "an action may be brought by
any person against another who claims an estate or interest in
real property adverse to him for the purpose of determining such
claim."   We think the complaint shows that plaintiff has an
interest in, and right of possession to, said land; and the com-

plainant alleges that the defendant claims an estate or interest in said land adversely to the plaintiff, and that such claim is without right. It is not necessary for the plaintiff to set out what interest the defendant claims. That is for the defendant to do. The respondent makes no appearance in this court, and no brief is filed herein on his behalf. The judgment of the lower court is reversed, with instructions to overrule said demurrer and permit defendant to answer. Costs of this appeal in favor of appellant.

Morgan, C. J., and Huston, J., concur.