(April 19, 1915.)

B. F. ZEHNER, Appellant, v. LEVI CASTLE, Respondent.

[148 Pac. 470.]

REAL ESTATE—ADJACENT OWNERS—BOUNDARY LINE.
    1.  The evidence *held* sufficient to support the finding of facts.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action to recover possession of certain real estate. Judgment for the defendant. *Affirmed.*

W. L. Campbell and F. E. Fogg, for Appellant.

In the case of *Brown v. Brown,* 18 Ida. 345, 110 Pac. 269, a case upon the facts essentially on all-fours with the case at bar, this court has sustained every vital principle now contended for by appellants. "If the agreement was made and entered into under a mistake of fact, a party is not precluded from claiming his right, as under such circumstances there is no presumption of his surrender or waiver of rights given up under misapprehension." (*Knowlton v. Smith,* 36 Mo. 507, 88 Am. Dec. 152; *Howard v. Reedy,* 29 Ga. 152, 74 Am. Dec.

58; *Preble v. Maine Central R. Co.,* 85 Me. 260, 35 Am. St. 366, 27 Atl. 149, 21 L. R. A. 829.)

"The possession of coterminous proprietors under a mistake or ignorance of the true line and without intending to claim beyond the true line will not work a disseizin of either." (*Finch v. Ullman,* 105 Mo. 255, 24 Am. St. 383, 16 S. W. 863; *Fieldhouse v. Leisburg,* 15 Wyo. 207, 88 Pac. 214; *King v. Brigham,* 23 Or. 262, 31 Pac. 601, 18 L. R. A. 361; *Scott v. Williams,* 74 Kan. 448, 87 Pac. 550; *Shanline v. Wiltsie,* 70 Kan. 77, 78 Pac. 436, 3 Ann. Cas. 140; *Crawford v. Hebrew,* 78 Kan. 401, 96 Pac. 348.)

H. Taylor and W. N. Scales, for Respondent.

Where coterminous owners agree upon a division line and fence up to the same, and go into actual occupation, exercising acts of ownership and physical control of the premises believing the line so established and agreed upon to be the true line, whether the same be in accordance with the original government survey or not, it becomes the true boundary line between their respective premises. All subsequent owners and purchasers are bound by such agreement, and after the lapse of the statutory period of limitation are estopped from asserting any other line to be the dividing line between such premises. (*Brown v. Brown,* 18 Ida. 345, 110 Pac. 269; *Bayhouse v. Urquides,* 17 Ida. 286, 105 Pac. 1066.)

SULLIVAN, C. J.—This is an action to recover the possession of a strip of land containing about three and a half acres and for $250 damages for withholding said land from plaintiff, and for $15 damages for rents and profits on said land.

By his answer the defendant denies the material allegations of the complaint, and as a separate defense avers that for more than ten years immediately preceding the commencement of this action the defendant has been in the actual occupation and possession of said premises and had the same inclosed with a substantial fence, and during said time had paid all taxes on said land and had claimed said land

adversely to plaintiff and all others; and for another defense pleads that said cause of action is barred by the provisions of secs. 4036 and 4037, Rev. Codes; and for another defense pleads that in 1888, long prior thereto and ever since said date, the defendant was and now is the owner of the land adjoining the land in question; that in 1889 one Delos Carr was then the owner of the land described in plaintiff's complaint, and that said Carr and this defendant at that time established and agreed upon a boundary line between said lands of said Carr and the defendant, and each took possession of the lands bordering on said boundary line, and that plaintiff and his grantors ever since said line was so established and agreed upon have held and claimed their respective lands up to said line and used and occupied the same exclusively, except that said plaintiff at or about the time this action was commenced claimed that said line agreed upon was not the true boundary line; that when said line was so established and agreed upon, and within a very short time thereafter, and within the year 1889, a public highway was laid out and established by the board of county commissioners of Idaho county, and the boundary line between the lands of plaintiff and defendant, as theretofore set out and as agreed upon and established, as above stated, was in the center of said public highway so established and laid out; that said public highway was fifty feet in width, and that ever since said public highway was so established the same is and has been a public highway, traveled and used by the public and kept up at public expense; that since 1889, when said highway was established, said line agreed upon, as above stated, the defendant and plaintiff and his grantor have claimed and occupied the respective lands on each side of said public highway up to the line of the same until recently, when plaintiff claimed that said line agreed upon was not the true line.

Upon the issues thus made by the pleadings, the case was tried by the court without a jury and his finding of facts was substantially in accordance with the defenses made by the answer, and, among other things, the court found that the line

so agreed upon and established by the defendant and the said Delos Carr (who was the grantor of the plaintiff) is the true boundary line between the lands of the plaintiff and the defendant, and entered judgment to the effect that the land sought to be recovered by the plaintiff belonged to the defendant.

Under all of the facts of this case, as shown by the evidence, the plaintiff and his grantor and the defendant had since the year 1889 up to about the time this suit was commenced recognized said line agreed upon in 1889 as the correct line separating their said lands, and about the year 1889 the county commissioners of Idaho county laid out a public highway across said land making said line so agreed upon the center of said highway. Said highway had been traveled for about twenty-four years. Under these and other facts, we think the plaintiff has slept on his rights too long, if he ever had any rights, to have said line corrected.

The judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.