(May 3, 1924.)

## J. G. HEDRICK and J. F. MacCLURE, Respondents, v. FRANK LEE, Appellant.

[227 Pac. 27.]

MINING CLAIM—CONFLICTING LOCATIONS—DISCOVERY—DISCOVERY WORK —JUDGMENT—DESCRIPTION OF PREMISES.

1. *Held,* there is sufficient competent evidence to support the finding of a valid discovery within the meaning of U. S. R. S., sec. 2320.

2. Failure to substantially comply with the provisions of C. S., sec. 5522, in regard to discovery work invalidates the location of a mining claim.

3. A judgment involving the right to possession of real property must sufficiently describe it to enable an officer charged with the duty of executing a writ of possession to go upon the ground, and, without exercising judicial functions, ascertain the locality of the lines as fixed by the judgment.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action to determine conflicting rights in unpatented mining claims. Judgment for plaintiffs. *Reversed and remanded for further proceedings.*

Leo. M. Bresnahan and Frank T. Wyman, for Appellant.

In a suit to quiet title, the complaint does not state facts sufficient to constitute a cause of action and the decree is void where the property involved is not described so as to identify it. (32 Cyc. 1355, 1378; 16 Ency. Pl. & Pr., 369; *Hill v. Burner,* 8 Cal. App. 58, 96 Pac. 111; *Wilhelm v. Baumann* (Tex. Civ.), 133 S. W. 293; *Craig v. Mings* (Tex.), 144 S. W. 316; *Jones v. Mount,* 30 Ind. App. 59, 63 N. E. 798; *Carr v. Huntington L. & H. Co.,* 33 Ind. App. 1, 70

Publisher's Note.

Discovery of minerals sufficient to support location of mining claim, see notes in 139 Am. St. 167; 15 Ann. Cas. 628.

N. E. 552; *Porter v. Counts,* 6 Cal. App. 550, 92 Pac. 655; *Bricken v. Cross,* 140 Mo. 166, 41 S. W. 735; *Ratliff v. Stretch,* 117 Ind. 526, 20 N. E. 438.)

A discovery of mineral within the boundaries of the proposed claim is essential to a valid location. (Sec. 2320, U. S. R. S.; *Cameron v. United States,* 252 U. S. 450, 40 Sup. Ct. 410, 64 L. ed. 659; *Chrisman v. Miller,* 197 U. S. 330, 25 Sup. Ct. 468, 49 L. ed. 770; *Creede & C. C. M. Co. v. Uinta T. M. & T. Co.,* 196 U. S. 337, 25 Sup. Ct. 266, 49 L. ed. 501; *Garabaldi v. Grillo,* 17 Cal. App. 540, 120 Pac. 425; *King v. Amy & Silversmith M. Co.,* 152 U. S. 222, 14 Sup. Ct. 510, 38 L. ed. 419; *Tuolumne Cons. M. Co. v. Maier* (Cal.), 66 Pac. 863; *Hall v. McKinnon,* 193 Fed. 572, 113 C. C. A. 440; Lindley on Mines, 3d ed., sec. 335, p. 763 and notes.)

Before the location is complete or becomes valid, a discovery shaft or its equivalent must be sunk cutting the vein at a depth of at least ten feet. (*Helena G. & I. Co. v. Baggeley,* 34 Mont. 464, 87 Pac. 455; *Butte C. M. Co. v. Barker,* 35 Mont. 327, 89 Pac. 302, 90 Pac. 177; sec. 5522, C. S.; Lindley on Mines, 3d ed., sec. 346; *Beals v. Cone,* 27 Colo. 473, 83 Am. St. 92, 62 Pac. 948; *Fleming v. Daly,* 12 Colo. App. 439, 55 Pac. 946.)

The boundaries of the claims of the plaintiffs are clearly impossible and in fatal conflict as shown by the location stakes and notices posted upon the claims. (*Dillon v. Bayliss,* 11 Mont. 171, 27 Pac. 726; *Morehead v. Erie M. & M. Co.,* 43 Colo. 408, 96 Pac. 253.)

J. G. Hedrick, for Respondents.

The question raised by counsel that the decree is fatally defective for lack of definite description of the property claimed by the plaintiffs was never raised in the lower court and should be considered as having been waived, as the defendant never filed a special but a general demurrer, and, in the absence of the former, the description of the claims should be deemed sufficient to acquaint the defendant as to the location of the property in question. (*Murray*

*v. Nixon*, 10 Ida. 616, 79 Pac. 643; *Hollister v. State*, 9 Ida. 651, 77 Pac. 339.)

And, where mining claims° are described simply by name and in the manner set forth in the complaint in this action, even in the face of a special demurrer, this court has held that such description is sufficient. (*Independence P. Min. Co. v. Knauss*, 32 Ida. 269, 181 Pac. 701.)

Where one has actual notice that ground has been located and also constructive notice from an examination of the records, or by finding notice or evidence on the ground of the location, he will not be permitted to take advantage of any technical defect in the location notice, where it appears that the locations were made in good faith. (*Flynn Group of Mining Claims v. Murphy*, 18 Ida. 277, 109 Pac. 851.)

If a second locator has actual notice of a claim, the want of a location notice or stake is immaterial, and a mere defect in some of the technical requirements of the statute would not defeat the prior location. (Morrison, Mining Rights, p. 38; *Yosemite G. M. Co. v. Emerson*, 208 U. S. 25, 28 Sup. Ct. 196, 52 L. ed. 375.)

McCARTHY, C. J.—The complaint in this case alleges that respondents "are the owners of, in possession of, and entitled to the possession of the following described mining claims in the Mineral Hill Mining District, Blaine County, Idaho, to-wit: Grey Eagle No. 1; Grey Eagle No. 2; Grey Eagle No. 3; Grey Eagle No. 4; that all of the said claims have been duly recorded in the office of the recorder of Blaine County, Idaho, reference to the records of which is hereby made for a more particular description of the claims"; that appellant claims to have an interest in said mining claims adverse to respondents under and by virtue of a pretended location which embraces a portion of the ground embraced in respondents' claims; that the claim of appellants is without right. Respondents pray for judgment quieting title in them except as to the paramount title of the United States. In his answer appellant denies

that respondents are entitled to the possession of the mining claims in question, and affirmatively alleges that respondents failed to comply with the statutes in regard to the location of mining claims and discovery work. Appellant also filed a cross-complaint alleging that he is the owner of, "in possession of, and entitled to the possession of the following described unpatented mining claims, situated in Blaine County, State of Idaho, to-wit: Barium Sulphate No. 1, Barium Sulphate No. 3, and Barium Sulphate No. 4, Lode mining claims, situated in Mineral Hill Mining District, and now of record in the office of the County Recorder of Blaine County, Idaho"; that respondent's pretended mining claims conflict with a part of the ground within the boundaries of appellant's claims and respondents claim to have some adverse interest therein; that said claim is without right. Appellant prays that respondents take nothing by their complaint, and that his title be decreed good and valid except as to the paramount title of the United States. In their answer to the cross-complaint respondents deny its allegations and affirmatively allege failure on appellant's part to comply with the requirements of the statutes in regard to the location of mining claims. The court found that respondents had made a valid location of the mining claims in question and entered a decree quieting title in them except as to the paramount title of the United States. From this decree the appeal is taken.

The principal specifications of error, and the only ones which we think it necessary to expressly mention, are: that the evidence is insufficient to justify the findings and decree of the court that respondents made a valid location of the mining claims; the court erred in not finding that appellant's location was valid; the court erred in not finding the definite location of respondent's alleged mining claims, and in not finding for appellant for so much of his claim, Barium Sulphate No. 3, as is not included within respondents' claims.

The uncontradicted evidence shows that the ground in dispute contains a deposit of barium, a nonmetallic mineral,

which is used in making paint. Both sides assume and concede that the presence of this mineral made the ground subject to location, and as a lode claim rather than as a placer. For the purposes of this case we will indulge the same assumption.

While the pleadings are in the form of a complaint and cross-complaint to quiet title, and the action is referred to as such in many parts of the record, it is, of course, evident that it is not and cannot be an action to quiet title in the truest and fullest sense of the term. Both parties concede that their rights are subject to the paramount title of the United States. The rights of conflicting locators to an unpatented mining claim can in the very nature of things be the subject of only a possessory action, and not of an action to quiet title in the true sense of the term. We do not understand that this court intended to hold otherwise in *Poncia v. Eagle,* 28 Ida. 61, 152 Pac. 208.

Sec. 2320 of the Revised Statutes of the United States provides that:

"No location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located."

See, also, *Chrisman v. Miller,* 197 U. S. 330, 25 Sup. Ct. 468, 49 L. ed. 770. Appellant contends there is no evidence to show a discovery by respondents of the vein or lode within the limits of the claims. Respondents attempted to locate a deposit of barium. If, as conceded by both parties, this deposit is the subject of a lode location, it must be on the theory that the deposit takes the place of a lode. It cannot be said that the record is barren of evidence that a deposit of this mineral was discovered by respondents within the limits of their claims. On the contrary, there is some competent evidence of such a discovery, and this, under the established rule, is all that is required to support the findings and judgment in that regard.

C. S., sec. 5522, provides as follows:

"Within 60 days after such location, the locator or his assigns must sink a shaft upon the lode to the depth

of at least 10 feet from the lowest part of the rim of such shaft to the surface, and of not less than 16 square feet area. Any excavation which shall cut such vein 10 feet from the lowest part of the rim of such shaft and which shall measure 160 cubic feet in extent shall be considered a compliance with this provision. Any located claim upon which work has been done in compliance with the above requirements is not, unless abandoned, subject to relocation for a period of 90 days from and after the date of location.''

Appellant contends the discovery work was not done by respondents as required by the above section. Respondents contend that the provisions of this statute are merely directory, and that a valid location may be made even though its provisions are not complied with, because the statute does not provide for a forfeiture. In support of this contention they cite *Clark-Montana R. Co. v. Butte & Superior Copper Co.*, 233 Fed. 547; *Yosemite Gold Min. & M. Co. v. Emerson*, 208 U. S. 25, 28 Sup. Ct. 196, 52 L. ed. 374; *Butte & S. Copper Co. v. Clark-Montana R. Co.*, 248 Fed. 609. These cases, however, all deal with the question of the effect of failure to do the required amount of discovery work. It is generally and properly held that failure to record the location notice is not fatal as against one who has actual knowledge of the location of the claim and of its boundaries. (*Flynn Group Min. Co. v. Murphy*, 18 Ida. 266, 109 Pac. 851.) We do not think, however, that authorities to this effect are ground for holding that failure to substantially comply with the statute in regard to discovery work is not fatal. Respondents also rely on *Emerson v. McWhirter*, 133 Cal. 510, 65 Pac. 1036, which quotes favorably from the earlier case of *McGarrity v. Byington*, 12 Cal. 426, as follows:

''The failure to comply with any one of the mining rules and regulations of the camp is not a forfeiture of title. It would be enough to hold the forfeiture as the result of a noncompliance with such of them as make noncompliance a cause of forfeiture.''

This doctrine holds good in a case where a locator has satisfied the intent of the statutes by substantial compliance

with them though he has failed in some minor or technical detail. We are not willing, however, to extend this doctrine to hold that one can make a valid location without substantially complying with the requirements of the statute in regard to discovery work. The purposes of this statute are to exact good faith, and prevent the holding of mineral ground for purposes of remote speculation, without intent to develop it. To hold that a substantial compliance is not required would be to utterly defeat these purposes without any compensating benefit or advantage. The use of the word "forfeiture" is unfortunate in this connection. Forfeiture cannot take place unless one has something to forfeit. The question is not whether a locator should forfeit a valid right which he has acquired but whether he has acquired any right. We therefore conclude that to make a valid location one must substantially comply with the provisions of the above statute as to discovery work. Appellant contends there is no evidence to show that respondents did this but that, on the contrary, the evidence shows conclusively that they did not. The testimony of witnesses Tehe and Plughoff, two miners who did the discovery work for respondents, tends to show in a general way that the requirements of the statute were complied with. This evidence, if uncontradicted, would be sufficient to support the finding and judgment. There is nothing in the nature of the case which compelled the trial court to believe appellant's witnesses, and, under the well-known rule, this court is not at liberty to disturb the findings.

The complaint does not describe the claim by metes and bounds nor set forth the location notices. A demurrer was interposed, which appellant claims should have been sustained because of the indefiniteness of the description. However, we conclude that the reference in the complaint to the location notices on file in the office of the county recorder saved it as against the general demurrer. The description in the decree is still more indefinite. It does not refer to the description in the complaint, but simply says that the

property is located in the Mineral Hill Mining District in Blaine county, Idaho, and is described as follows:

"The Grey Eagle No. 1, the Grey Eagle No. 2, the Grey Eagle No. 3, the Grey Eagle No. 4, mining claims."

The general rule is that a judgment involving the right to possession of real property must sufficiently describe it to enable an officer charged with the duty of executing a writ of possession to go upon the ground, and, without exercising judicial functions, ascertain the locality of the lines as fixed by the judgment. (*Craig v. Mings* (Tex.), 144 S. W. 316; *Ratliff v. Stretch,* 117 Ind. 526, 20 N. E. 438; *Hill v. Barner*, 8 Cal. App. 58, 96 Pac. 111.) Judged by this test, the description in this decree is fatally defective. The case must be reversed for the purpose of making the decree more definite. This can be done in the light of the evidence introduced. The uncontradicted evidence shows that a large part of one of appellant's claims, to wit, Barium Sulphate No. 3, does not conflict with respondents' claims. It is doubtful, however, whether, from the present record, the large part of that claim which does not conflict with respondents' claims can be accurately segregated from the small portion which does. Inasmuch as the case must be remanded, it is only fair to give appellant an opportunity to furnish evidence which will permit such segregation. For this purpose, and for the purpose of making definite the description of respondents' claims in the judgment, the case is remanded. No costs are awarded on this appeal.

Budge and William A. Lee, JJ., concur.

Petition for rehearing denied.