404 P.2d 875

**Gloria TELFAIR, Plaintiff-Appellant,**

**v.**

**GREYHOUND CORPORATION,**
**Defendant-Respondent.**

**No. 9594.**

Supreme Court of Idaho.

Aug. 3, 1965.

Rehearing Denied Sept. 9, 1965.

James D. McTaggart, Boise, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

McQUADE, Chief Justice.

Appellant commenced this action July 15, 1964, to set aside the judgment entered in the original action between these parties. The facts of this case are recited in Case No. 9529, 89 Idaho 380, 404 P.2d 872, between the same parties. Appellant brought this action under I.R.C.P. 60(b), the last sentence of which is as follows:

"This rule does not limit the power of a court· to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside, as provided by law, within one year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state

of Idaho or in any other jurisdiction, and who has failed to appear in said action, or to set aside a judgment for fraud upon the court."

Appellant in her complaint contends that the return to her interrogatory by respondent omitted the full and complete addresses of at least three of the passengers, although respondent knew of the addresses of those witnesses at the time it answered the interrogatory. Appellant further alleges that had she been supplied with the full and complete addresses of the three mentioned passengers, she would have been able to obtain their testimony.

A motion to dismiss was filed by respondent contending that the previous attempt to obtain a new trial concluded appellant's remedies. An order and judgment dismissing this action with prejudice was entered on September 18, 1964, from which judgment appellant has appealed.

Appellant's single assignment is that the trial court erred in granting respondent's motion to dismiss and entering the judgment of dismissal.

Appellant contends that not only did respondent fail to include the complete addresses of all witnesses, as requested by the interrogatories in the original trial, but also that respondent had actual knowledge of the true address of at least one of the witnesses and failed to supply that address

upon request, thus perpetrating a fraud upon the court. She also contends that this particular act prevented her from securing evidence which, if presented at the trial, would have resulted in a verdict compensating her for personal injuries.

United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878), involved the question of "fraud upon the court." After discussing the desire of the court to limit litigation by restricting the grounds for review to extrinsic frauds, the court discussed what would constitute a "fraud upon the court" as follows:

"Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; * * * these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. [Cases cited]

"In all these cases, and many others which have been examined, relief has been granted, on the ground that, by

some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court."

In Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), the court set aside a judgment entered some 12 years before. In reversing the Circuit Court upon grounds of fraud in the procurement of the original judgment, the court said:

"* * * we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals. [Case cited] Proof of the scheme, and of its complete success up to date, is conclusive. [Case cited] And no equities have intervened through transfer of the fraudulently procured patent or judgment to an innocent purchaser."

In the case at hand there is no proof of a scheme; but, as shown by the evidence, appellant did not with due diligence investigate the case.

In the case of England v. Doyle, 281 F. 2d 304 (1960), the Ninth Circuit followed the rule announced in the Throckmorton and Hazel-Atlas cases, stating:

"In order to set aside a judgment or order because of fraud upon the court under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. [Cases cited] The motion to set aside on this ground is addressed to the sound discretion of the trial court. [Cases cited] And the burden is on the moving party to establish fraud by clear and convincing evidence. [Cases cited]"

In the case of Bratnober v. Illinois Farm Supply Company, 169 F.Supp. 85 (1958), the court concluded:

"A prior judgment will not be set aside where the complaining parties are themselves at fault and were not deprived of their opportunity to defend on the merits. 'The imperative condition' of equitable intervention is that the moving parties must make it clearly appear that they have a good defense to the action, and by fraud, mistake, or like equitable basis, they were deprived of their day in court, and this only in the absence of fault or neglect on the part of movants, for public policy requires 'that there shall be an end to litigation.'"

Judgment of dismissal affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.