492 P.2d 52

**Clarence D. LISHER and Frances Lisher, Plaintiffs-Appellants,**

**v.**

**Homer J. KRASSELT and Dorothy Krasselt, Defendants-Respondents.**

**No. 10966.**

Supreme Court of Idaho.

Jan. 6, 1972.

Rehearing Denied Jan. 27, 1972.

J. H. Felton, Lewiston, for plaintiffs-appellants.

Robert W. Peterson and Robert S. Williams, Moscow, for defendants-respondents.

McQUADE, Chief Justice.

This is an action in which plaintiffs, seeking to quiet title to real estate, appeal from judgment and award of injunctive relief for defendants. The trial court found that the parties were owners of adjoining properties in Latah County. More than fifty years ago the boundary was changed by oral agreement of the predecessors, to avoid the inconvenience of a survey line which bisected respondents' granary. Under terms of that agreement respondents' predecessor acquired one-half acre beyond the survey line, and relinquished a roughly equivalent parcel elsewhere. A fence approximating the agreed boundary was in place when respondents began to farm their land as lessees in 1943 and when they purchased it in 1953. They claim that they were given to understand that the disputed half-acre was included in the sale. Appellants purchased the adjoining land in 1962, cultivating it up to but not beyond the fence. The county assessor, presuming ownership to be delineated by the fence line, assessed the disputed land and granary, together as realty, to respondents. Appellants were assessed no taxes on the property in question.

■ Appellants commenced this litigation in 1970, alleging simply that "a dispute has arisen," and requesting the trial court to order a survey of the properties. That action was dismissed by the district court, on respondents' motion, for failure to state a claim upon which relief could be granted. The order of dismissal is attacked, without argument or citation of authority, in appellants' first assignment of error. "Good cause" must be shown before a court exercising equitable powers will order an inspection of articles or premises subject to litigation.[1] Morevor, I.C. § 6–405 authorizes application for a survey order only if necessary to protect or ascertain a property right.[2] Appellants' complaint failed to allege necessity, and properly was dismissed.

■ In an amended complaint appellants subsequently sought to quiet title to all their property, alleging that respondents claimed "some right, title, interest or estate therein."[3] In their answer respondents admitted claiming "some right, title, interest or estate" without specifying the extent of the claim. In addition, they affirmatively alleged that title vested in them by adverse possession, oral agreement or acquiescence, and prayed that the court enjoin interference with occupancy of the land thus claimed.[4] Appellants moved to strike the answer as too indefinite to establish a claim upon which relief could be granted if the court found for respondents. The court's denial of that motion is challenged on appeal in appellant's second and third assignments of error.

Prior to the advent of simplified "notice" pleading, this Court held that a complaint or cross-complaint filed in an action to quiet title was defective if it lacked a description of the property sufficient to support the judgment.[5] However, I.R.C.P. 8(a) now requires only that pleadings before courts of general jurisdiction contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which he deems himself entitled." Technical forms of pleading are abolished by Rule 8(e). Rule 54(c) requires the trial court, in non-default cases, to "grant the relief to which the party in whose favor [judgment] is rendered is entitled, even if the party has not demanded such relief in his pleadings."

■ If judgment no longer need conform to the prayer, omission of a description of property claimed in a quiet title action does not constitute grounds for reversal, unless appellants show resultant prejudice at trial.[6] In the present case, both parties knew well the disputed land. Respondents identified in their answer the property claimed as land in which appellants sought to quiet title but which respondents occupied. Only the half-acre in question came within the terms of that description. Moreover, appellants were afforded the opportunity during a pre-trial conference to ascertain the extent of relief sought by respondents. The record does not indicate, and appellants have made no effort to show, prejudice resulting from the court's refusal to strike as too indefinite the respondents' answer.

1. See discussion in Annotation, 4 A.L.R.3d 762, 790–791; I.R.C.P. 34.

2. See also Bacon v. Federal Mining & Smelting Co., 19 Idaho 136, 112 P. 1055 (1910).

3. A complaint alleging "some" claim by defendant is sufficient to state a claim upon which relief may be granted in an action to quiet title. Fry v. Summers, 4 Idaho 424, 39 P. 1118 (1895).

4. A defendant is entitled to a decree quieting title in him if he makes an affirmative showing of his right thereto and requests such relief "by cross-complaint or otherwise." Rexburg Lumber Co. v. Purrington, 62 Idaho 461, 471, 113 P.2d 511 (1941). Pleading affirmative defenses appears to satisfy this requirement. Cf. Rule 8(c), authorizing the trial court to treat as counterclaim an affirmative defense, if justice so requires.

5. Norrie v. Fleming, 62 Idaho 381, 112 P.2d 482 (1941); Hedrick v. Lee, 39 Idaho 42, 227 P. 27 (1924).

6. Cf. County of Bonner v. Dyer, 92 Idaho 699, 448 P.2d 986 (1968).

■ Appellants' fourth assignment is an attack on the trial court's refusal to quiet title in them. It raises the substantive issues of adverse possession, oral agreement and acquiescence. Neither the oral agreement nor the ensuing acquiescence establishes a claim of right unless the recognized boundary resolved a dispute or uncertainty concerning the true line.[7] No such uncertainty or dispute attended the surveyed line in this case.

Respondents' claim to title by adverse possession is based on occupying the land exclusively, continuously, openly and notoriously, paying all taxes assessed, for more than five years.[8] Appellants argue that the possession was not hostile to the true owner because it was authorized by the oral agreement. I.C. § 5–209 provides that an oral claim to title shall be deemed adverse;[9] and this Court has applied that rule to claims under oral agreements reached by adjoining landowners who disputed, or were uncertain of, the true boundary.[10] However, the fence boundary in this case resulted not from dispute or uncertainty but from a mutual desire to avoid the inconvenience created by the surveyed line. It may be contended that there was no conflict of claims to induce appellants or their predecessors to bring an action for ejectment, or to quiet title, within the statutory period. If so, the oral agreement would be interpreted merely to create reciprocal permissive uses, or revocable licenses, which negate the element of adversity deemed by I.C. § 5–209 to attend an oral claim of title.[11]

We believe such reasoning too narrowly circumscribes application of I.C. § 5–209, read in conjunction with I.C. § 5–210.[12] The latter section embodies the balance of complementary principles in equity by which a claim of adverse possession is

7. *See*, e. g., Fry v. Smith, 91 Idaho 740, 430 P.2d 486 (1967), Downing v. Boehringer, 82 Idaho 52, 349 P.2d 306 (1960), on oral agreements. Acquiescence is discussed in decisions of other jurisdictions, collected in Annotations, 69 A.L.R. 1430, 1501–1504, and 113 A.L.R. 421, 436. No case appears squarely on point in Idaho, but in cases where acquiescence was held to establish a boundary, the parties or their predecessors had disputed, or been uncertain of the true line. E. g., Edgeller v. Johnston, 74 Idaho 359, 262 P.2d 1006 (1953); Mulder v. Stands, 71 Idaho 22, 225 P.2d 463 (1950); Woll v. Costella, 59 Idaho 569, 85 P.2d 679 (1938); Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066 (1909). *Compare* Kesler v. Ellis, 47 Idaho 740, 278 P. 366 (1929), and Zehner v. Castle, 27 Idaho 215, 148 P. 470 (1915), in which the reported facts do not indicate clearly whether or not uncertainty or dispute existed.

8. I.C. §§ 5–203, 5–206, 5–209, 5–210; *see*, e. g., Coe v. Sloan, 16 Idaho 49, 100 P. 354 (1909), for a general discussion of prerequisites of adverse possession.

9. "5–209. *Possession under oral claim of title.*—Where it appears that there has been an actual continued occupation of land, under a claim of title, exclusive of any other right, but not founded upon a written instrument, judgment or decree, the land so actually occupied, and no other, is deemed to have been held adversely."

10. E. g., Beneficial Life Ins. Co. v. Wakamatsu, 75 Idaho 232, 270 P.2d 830 (1954).

11. *See* 5 Thompson, Real Property, § 2548, 542–548 (1957 Replacement); *cf.* Sinnett v. Werelius, 83 Idaho 514, 522, 365 P.2d 952 (1961).

12. "5–210. *Oral Claim—Possession defined—Payment of taxes.*—For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:
  1. Where it has been protected by a substantial inclosure.
  2. Where it has been usually cultivated or improved.
  Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

tested.[13] Requiring one who claims by adverse possession to inclose, cultivate or improve, and to pay all taxes levied and assessed, ensures that one who seeks equity will do equity. One who claims an equitable right superior to apparent legal title must perform acts which could not otherwise be compelled, in order to obtain the extraordinary relief sought. On the other hand, depriving one of legal title who permits another to perform these acts on his land, for a specified period, ensures that protection is extended only to those vigilant and assertive of their rights. In this case respondents and their predecessors established a clear claim under I.C. § 5–210 by inclosure, exclusive use and payment of taxes assessed on the disputed property. In contrast, neither appellants nor their predecessors have sought for fifty years to assert the right now claimed; neither have they attempted to use, inclose, improve or to pay taxes on the land in question.

█ The facts of this case conform so plainly to the principles embodied in I.C. § 5–210 that a narrow construction of I.C. § 5–209, to deprive the claim of the element of adversity, would work an inequitable result. The purpose of I.C. § 5–209 is to treat oral claims as adverse in character in order to establish valid right or title by adverse possession if the requirements of I.C. § 5–210 are satisfied. It will not be construed to frustrate an oral claim which satisfies those requirements. The claim of adverse possession in this case must lie.

█ While we conclude that the trial court properly decreed the property to re-spondents, we do find merit in appellants' final assignment of error, attacking the metes and bounds description in the order as utterly unsupported by the record. We have noted that respondents' failure fully to describe the land claimed resulted in no prejudice at trial, and that judgment no longer need conform to the relief prayed. However, a judgment defining rights to land must still contain a description sufficient to enable an officer charged with the duty of executing a writ of possession to go upon the ground, and, without exercising judicial functions, to ascertain the locality of the lines as fixed by the judgment.[14] An accurate metes and bounds description is required for that purpose. In this appeal the trial court's description, apparently based on a survey conducted by counsel for respondents, and an assistant, after the case was tried, is credibly attacked as erroneous and incomplete. The facts of this case require that the court order a new survey by disinterested, qualified engineers the cost of which shall be fixed by the court and borne equally by the parties. After both parties have been afforded opportunities to review and to be heard on the new description, with the record augmented accordingly, the court should, if satisfied that the description is correct and complete, include it in a modified judgment and decree.

The judgment below otherwise is affirmed. No costs allowed.

McFADDEN, DONALDSON, and SHEPARD, JJ., and COGSWELL, District Judge, concur.

---

13. The equitable principles discussed here receive a fuller, more generalized treatment in McClintock, Equity (1948), ch. 3, 55–59, 71–76, and 2 Pomeroy, Equity Jurisprudence (1941 Ed.), §§ 385–396, 418–419e.

14. See Norrie v. Fleming and Hedrick v. Lee, *supra note* 5. Respondents cite Campbell v. Weisbrod, 73 Idaho 82, 245 P.2d 1052 (1952), in opposition; but that decision merely holds that, in event of conflict, monuments, natural or artificial, or lines marked on the ground, control, as evidence, over calls for courses and distances. It does not eliminate the requirement that the judgment contain a complete and accurate metes and bounds description of the land to which it applies.