538 P.2d 783

**Clarence D. LISHER and Frances Lisher, Plaintiffs-Appellants,**

**v.**

**Homer J. KRASSELT and Dorothy Krasselt, Defendants-Respondents.**

**No. 11653.**

Supreme Court of Idaho.

July 28, 1975.

---

2. *Spanton v. Clapp,* 78 Idaho 234, 237, 299  P.2d 1103, 1104 (1956).

Darrel W. Aherin, Lewiston, for plaintiffs-appellants.

Robert W. Peterson of Peterson, Moorer & Porter, Moscow, for defendants-respondents.

McQUADE, Chief Justice.

Appellants Lisher appeal from the judgment entered by the district court on remand following this Court's decision in *Lisher v. Krasselt*,[1] an appeal taken by the Lishers from the district court's initial adjudication on the merits. The trial court modified the judgment to conform to the mandate of this Court, requiring an accurate metes and bounds description of the property line previously determined by the trial court. We find no error in the trial court's denial of appellants' motion to reopen the case and affirm the modified judgment.

The Lishers originally brought this action to quiet title to a one-half acre parcel of land located on the common boundary of the parties near Potlatch, Latah County. The trial court found that more than fifty years previous, the boundary had been changed by oral agreement of the parties' respective predecessors in title to avoid the inconvenience of a survey line which bisected a granary in the possession of respondents Krasselt's predecessor in title. Respondents' predecessor in title acquired one-half acre beyond the survey line in the area of the granary and relinquished a roughly equivalent parcel elsewhere along the common property line. A fence approximating the agreed boundary was present when the Krasselts began leasing their property in 1943. Krasselts perchased the property in 1953. The Lishers purchased the adjoining land in 1962, cultivating up to, but not beyond, the fence.

After trial on the merits, the court found title to the disputed parcel in the Krasselts by virtue of adverse possession. On appeal, this Court affirmed that finding, but reversed and remanded with instructions that a new survey be completed by qualified and disinterested engineers in

---

1. 94 Idaho 513, 492 P.2d 52 (1972).

order that an accurate metes and bounds description of the adjudicated property line be included in a modified judgment:

"[A] judgment defining rights to land must . . . contain a description sufficient to enable an officer charged with the duty of executing a writ of possession to go upon the ground, and, without exercising judicial functions, to ascertain the locality of the lines as fixed by the judgment. An accurate metes and bounds description is required for that purpose. In this appeal the trial court's description, apparently based on a survey conducted by counsel for respondents, and an assistant, after the case was tried, is credibly attacked as erroneous and incomplete. The facts of this case require that the court order a new survey by disinterested, qualified engineers . . . After both parties have been afforded opportunities to review and to be heard on the new description, with the record augmented accordingly, the court should, if satisfied that the description is correct and complete, include it in a modified judgment and decree."[2]

In compliance with those instructions, the trial judge, District Judge Tom Felton, ordered the firm of Hamilton & Voeller to conduct a survey:

"[S]aid survey shall contain an accurate metes and bounds description and shall ascertain and fully describe the land claimed by the defendants Krasselts and shall fix the locality of the lines awarded by the judgment of the Court; *consisting of re-establishing the East boundary line along the long established fence and hedge row between the coterminous landowners* as it existed at the time of trial."[3]

In January 1973, Judge Felton conducted a hearing on the Lishers' objections to the new survey. At that time, the trial court and counsel then representing appellants apparently stipulated that if appellants failed to submit their own plat by February 9, 1973, their objection to the Hamilton & Voeller plat would be considered withdrawn. In a memorandum opinion dated February 12, 1973, Judge Felton noted that the court had not received a completed plat from the Lishers and, therefore, assumed that all objections to the survey made by Hamilton and Voeller had been withdrawn. He ordered the survey confirmed and made part of the record.

In April 1973, the Lishers secured new counsel and moved to reopen the case in an attempt to prove that the boundary line as established by the survey was invalid. The trial court, District Judge John H. Maynard now presiding, initially granted the Lishers' motion to reopen and heard extensive evidence presented by both litigants. Plaintiffs' evidence tended to show that during March 1973, the Lishers became aware that counsel for the respondents had accompanied the supervising surveyor to the field prior to the making of the survey, and they had walked the proposed boundary line. The Lishers argued that respondents' counsel instructed the survey chief on where to run the boundary line. They maintained the survey was erroneous, arguing that it did not conform to the trial court's order to follow the long established fence and hedge row line between the properties and that it included more land than had been awarded to the Krasselts by the trial court.

The motion to reopen the case was finally denied, since the trial court found: "Plaintiff has had adequate opportunity to be heard and produce evidence. Plaintiff failed to produce and (sic) independent survey before February 12, 1973, or at any other time. Litigation must at some time end." The trial court entered the modified judgment and decree confirming the Hamilton & Voeller survey as an accurate metes and bounds description of the boundary line between the parties as found by

---

2. 94 Idaho at 517, 492 P.2d at 56. Footnote omitted.

3. Order of Survey by District Judge Tom Felton (deceased). Emphasis added.

the trial court. The Lishers now seek to set aside the Hamilton & Voeller survey and ask that a disinterested, qualified engineer under explicit court instructions establish a boundary line in accord with this Court's previous opinion.

Appellants assign as error the trial court's denial of their motion to reopen the case. They also maintain that the trial court committed error in its modification of the judgment, which they claim, is at variance with this Court's mandate following the first appeal.

■ Arguing that their motion to reopen the case should have been granted, appellants claim that respondents' counsel's conduct in walking the proposed boundary line with the supervising field surveyor was highly improper and amounted to fraud sufficient to set aside the judgment. We agree that counsel's conduct on the face of the record may not comport with the standards of propriety. But, the record does not demonstrate any resulting prejudice to the appellant or that any improper influence was exerted. We have examined the record and fail to find error in the trial court's denial of appellants' motion to reopen the case.

■ Appellants contend that respondents' counsel's conduct constituted extrinsic fraud which subverted the independent survey ordered by the trial court in such a way as to result in fraud being perpetrated upon the court. The trial court is authorized under I.R.C.P. 60(b)(3)[4] to set aside a judgment on the basis of fraud. The trial court has the appropriate authority necessary to set aside a judgment if fraud has been perpetrated upon the court.[5]

■ The motion to set aside the judgment on the basis of fraud is addressed to the sound legal discretion of the trial court and the burden is on the moving party to establish such fraud by clear and convincing evidence. Willis v. Willis.[6] While the disposition of that motion is subject to review by this Court, we will not set aside the trial court's decision absent a clear showing of abuse of discretion. *Id.*[7] We have examined the record and find: (1) The trial court heard evidence concerning a motion to reopen the case by way of the Oct. 17, 1973, hearing; and (2) the record discloses that appellants Lisher, through their original counsel, apparently entered into a stipulation with the trial court that if they did not submit a new plat by February 9, 1973, their objections to the Hamilton & Voeller survey were to be deemed withdrawn, and further, that no such new plat was submitted.

■ We decline to ascribe a definitive meaning to the amorphous phrase "abuse of discretion"[8] solely for the purposes of this case, but it will suffice to say, that where the trial court has exercised such discretion after a careful consideration of the relevant factual circumstances and principles of law, and without arbitrary disregard for those facts and principles of justice, we will not disturb that action.[9]

4. I.R.C.P. 60(b): *"Mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, grounds for relief from judgment or order.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . ."

5. *See Willis v. Willis*, 93 Idaho 261, 460 P.2d 396 (1969); *Telfair v. Greyhound Corp.*, 89 Idaho 385, 404 P.2d 875 (1965).

6. *Supra* n. 5 *Accord, State ex rel. Symms v. V–1 Oil Company*, 94 Idaho 456, 490 P.2d 323 (1971); *Telfair v. Greyhound Corp.*, *supra* n. 5. *See Smith v. Smith*, 95 Idaho 477, 511 P.2d 294 (1973); *Loughrey v. Weitzel*, 94 Idaho 833, 498 P.2d 1306 (1972).

7. *See Leonardson v. Moon*, 92 Idaho 796, 451 P.2d 542 (1969); *Tsubota v. Gunkel*, 58 Wash.2d 586, 364 P.2d 549 (1961).

8. *See, e. g., State v. Board of County Commissioners*, 128 Mont. 102, 270 P.2d 994 (1954); *Fletcher v. Board of County Commissioners*, 285 P.2d 183 (Okl.1955).

9. *See Baldwin v. Ewing*, 69 Idaho 176, 204 P.2d 430 (1949); *Richards v. Richards*, 24 Idaho 87, 132 P. 576 (1913).

The trial court examined the evidence produced by the parties and considered the stipulation made by appellants. The trial court did not abuse its discretion in denying the motion to reopen the case. We agree with the lower court, that "[l]itigation must at some time end."

Appellants next argue that the modified judgment is at variance with the opinion and mandate of this Court as rendered on the first appeal. We disagree. The modified judgment is *affirmed*.

Costs to respondents.

McFADDEN, DONALDSON, SHEPARD and BAKES, JJ., concur.