727 P.2d 1269

Earl F. McGILL, Plaintiff-Respondent,

v.

Elmer LESTER and Jane Doe Lester, husband and wife; John Hibnes, Sr. and Jane Doe Hibnes, husband and wife; and John Hibnes, Jr. and Jane Doe Hibnes, husband and wife, Defendants-Appellants.

No. 16298.

Court of Appeals of Idaho.

Oct. 30, 1986.

Roger L. Williams, Nampa, for defendants-appellants.

Merlyn W. Clark, Hawley, Troxell, Ennis & Hawley, Boise, for plaintiff-respondent.

Before WALTERS, C.J., and SWANSTROM, J., and McFADDEN, J. Pro Tem.

PER CURIAM.

This appeal, a sequel to *McGill v. Lester*, 108 Idaho 561, 700 P.2d 964 (Ct.App.1985), concerns an award of costs by the trial court. In the underlying action, title to real property was quieted in the respondent. The court also entered judgment in favor of the appellants herein upon an "equitable lien" to secure a debt owed to the appellants arising from an option to purchase the subject property. The court denied a motion by the appellants to add prejudgment interest and the court awarded costs to the respondent. Subsequently, the judgment was appealed. On that appeal, we affirmed the judgment but we reversed the order denying prejudgment interest. We remanded the cause for calculation and entry of prejudgment interest on the appellants' recovery. We also directed the trial court to reconsider the cost award in light of our conclusion regarding the prejudgment interest. *McGill v. Lester*, 108 Idaho at 566, 700 P.2d at 969.

The appellants now appeal from the proceedings on remand. They contend the trial court erred in determining that (1) respondent was entitled to costs as the prevailing party, and (2) the costs be recovered solely from the appellants instead of allocation among all defendants originally named in the action. Additionally, both the

respondent and the appellants seek an award of attorney fees on appeal. We affirm and award fees on appeal to the respondent.

The determination of whether a party has prevailed for the purpose of receiving a cost award is within the sound discretion of the trial court. I.R.C.P. 54(d)(1). Here, the appellants assert that, because both parties prevailed on their respective claims, the court abused its discretion by deciding that the respondent was the prevailing party. They argue that the assessment against them of respondent's costs punishes them for being sued and for successfully defending that suit.

■ We believe the appellants focus too narrowly on the result in the case. It appears from the record that the respondent sued the appellants, among others, to settle the question of who owned the real property. The appellants counterclaimed, asserting ownership of the property under an alleged option to purchase. The trial court held that the respondent, not the appellants, owned the property. But the court also held that the appellants were entitled to equitable relief in the nature of a lien against the property to recover a debt related to the option-to-purchase issue. In awarding costs to the respondent, the court noted that title to the disputed property was quieted in the respondent; that the property had a value of $320,000; and that the appellants were entitled to an equitable lien slightly in excess of $11,000. Based on those findings, the court concluded that the respondent was the prevailing party and was thus entitled to an award of costs.

On remand, prejudgment interest was calculated and added to the appellants' recovery, increasing appellants' award to $27,381.86. When the costs question was reconsidered by the trial court pursuant to our directive, the judge ruled:

> The court adheres to its findings as to the prevailing party as set forth in its Order of July 9, 1982. Moreover, in view of the fact that the defendants forced the plaintiff to proceed to trial to vendicate

[sic] his title and consequently received, by way of judgment, an equitable lien in an amount insignificant in terms of the total value of the property in question, it seems only appropriate [sic] that those defendants who ultimately put the plaintiff to his burden should bear the costs.

Our scope of review of a cost award by the trial court, under its discretionary authority to determine who is the prevailing party, is well settled.

> [W]here the trial court has exercised such discretion after a careful consideration of the relevant factual circumstances and principles of law, and without arbitrary disregard for those facts and principles of justice, we will not disturb that action.

*Martsch v. Nelson,* 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct.App.1985); and *Chadderdon v. King,* 104 Idaho 406, 411–12, 659 P.2d 160, 165–66 (Ct.App.1983), quoting *Lisher v. Krasselt,* 96 Idaho 854, 857, 538 P.2d 783, 786 (1975). *See also Hutchison v. Kelton,* 99 Idaho 866, 590 P.2d 1012 (1979). Applying that principle to the instant case, we hold the trial court did not abuse its discretion in determining the respondent was the prevailing party for the purpose of an award of costs.

■ The appellants also contend the trial court erred in refusing to allocate respondent's cost award among all defendants originally named in the quiet title complaint. Fourteen defendants, including the appellants, were named in the action. All but the appellants were removed from the lawsuit at various times in advance of the trial. The trial thus involved only the claims remaining between the respondent and the appellants. As noted, the trial court found that the appellants forced the respondent to proceed to trial in order to vindicate his title to the subject property. The court concluded it was appropriate that—among all defendants—those "who ultimately put the [respondent] to his burden should bear the costs." Again, applying the *Lisher* principle, we hold the trial court did not abuse its discretion in assess-

ing respondent's costs solely against these appellants.

■ Finally, we turn to the question of an award of attorney fees for this appeal. Such an award will be made if we are left with the aiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). The instant appeal has not raised a genuine issue as to the legal standards governing the trial court's discretion to award costs. Neither has it presented a cogent challenge to the judge's reasoning process in exercising that discretion. Accordingly, we hold that the appeal was brought without foundation and the respondent is entitled to a reasonable award of attorney fees to be determined under I.A.R. 41.

The order of the trial court awarding costs to the respondent is affirmed. Costs and attorney fees on appeal to respondent, Earl McGill.