## JONES v. MOUNT ET AL.

[No. 4,212. Filed April 29, 1902. Rehearing denied November 20, 1902.]

QUIETING TITLE.— *Complaint.*—*Insufficient Description.*—A complaint to quiet title which describes the land as the west half of a certain quarter section, except ten acres around a certain oil-well, is insufficient because of the indefiniteness of the description of the real estate, where the complaint is unaided by any extrinsic facts.

From Blackford Circuit Court; *E. C. Vaughn*, Judge.

Suit by William L. Jones against Harry Mount and others to quiet title. From a judgment for defendants on demurrer to complaint, plaintiff appeals. *Affirmed.*

*Levi Mock, John Mock, George Mock, M. M. Powell* and *J. A. Hindman*, for appellant.

*S. W. Cantwell* and *L. B. Simmons*, for appellees.

HENLEY, J.—This was an action to quiet title commenced by appellant against the appellees. The trial court sustained a demurrer to the complaint on the ground and for the reason that the description of the land in the complaint, the title to which appellant asked to be quieted in him, was so indefinite and uncertain that a valid judgment and decree could not be based thereon. The description contained in the complaint, put in the most definite shape which the whole complaint and contract will justify, would be as follows: "The west half of the southeast quarter of section five, township twenty-five north, range eleven east, in Wells county, Indiana, except ten acres around well number one."

An attempt to describe land as "a part" of a certain parcel is too indefinite to enable anyone to know what was intended. It does not furnish any means by which the land attempted to be described can be ascertained and located. The description of the land contained in the appellant's complaint to quiet title is no more definite than if it described it as a part of the west half, of the southeast quarter, etc., because the excepted portion is so indefinitely described that it could not be identified. Under §1082 Burns 1901, which authorizes the bringing of suits for the purpose of determining and quieting the question of title to real estate our Supreme Court have held that the complaint should contain a definite and certain description of the land, the title to which it is sought to quiet. *Ratcliff* v. *Stretch,* 117 Ind. 526. This is necessary, because, if plaintiff obtains a decree quieting his title, the decree of the court will follow the averments of the complaint, and the decree would be void if the description of the land therein contained was indefinite. *Ratcliff* v. *Stretch, supra.* And so in the case of *College Corner, etc., R. Co.* v. *Moss,* 92 Ind. 119, it is said: "In an action, the purpose of which is to affect the title or possession of real estate, founded upon an instrument in which there is a description of the real estate, defective but capable of aid from extrinsic facts, the complaint should give an accurate description of the property, so that its exact boundaries may be known from the description in the complaint." The portion of the land which is to be excepted is, in the description attempted in the complaint, so indefinitely described as to be impossible of identification. It is described as being ten acres around a certain oil-well. We are not aided by any extrinsic facts, nor referred to any contract or deed from which a certain description of the excepted portion could be obtained. For the reason stated, we think the complaint insufficient, either as a complaint to quiet the title or to declare a forfeiture.

Judgment affirmed.