CHARLES H. JONES v. ROBERT S. EATON et al.; D. A. WHITE, Appellant.

In Banc, March 12, 1925.

1. **APPELLATE PRACTICE:** Action at Law: No Declarations of Law. In an action at law, tried by the court sitting as a jury, no declarations of law being asked or given, the conclusions reached by the trial court upon substantial evidence, in the absence of error in the admission or rejection of evidence, are binding upon the appellate court.

2. **SURVEY:** Locating Corner in Adjoining County: To Ascertain Boundaries in Own County. Where the lands, about 3400 acres, in-

Jones v. Eaton.

cluded within the boundaries of Survey 2081, made by the surveyor for the United States in 1819, lie in what are now the counties of Wayne, Madison and Iron, and the eastern boundary of that survey cuts through Section 6 in Wayne County, and the issue is what is the true eastern line of the southeast quarter of said section, a survey made by the County Surveyor of Wayne County in 1887, who, in order to locate the eastern boundary line of Survey 2081, went into Madison County for the purpose of locating the northeast corner of said survey, using for that purpose the record of the surveyor for the United.States, with such witness trees and physical objects referred to in the original field notes as could be found, and from said northeast corner as' thus ascertained ran the eastern boundary line of the survey according to said original field notes, is admissible in evidence. The establishment of the northeast corner of Survey 2081, in Madison County, by the County Surveyor of Wayne County, although he had no authority in Madison County, was not conclusive evidence of the true location of the northeast corner, but having been made by him in the performance of an official act to determine the true eastern boundary of the survey in Wayne County, an official record of his survey is prima-facie correct, and admissible in evidence. ·

3. ———: Made by Surveyors of Adjoining Counties: Contradicted by Own Later Surveys. A survey made by the Surveyor of Madison County, assisted by the Surveyor of Wayne County, cannot be accepted as conclusive evidence of the true boundary lines of lands in Wayne County, where a later survey made by the same County Surveyor of Wayne County varies therefrom, and they both testify that they did not attempt to locate the northeast corner of the main Government survey upon which the boundary line of the lands in suit depends, or to locate the eastern boundary line of said survey, on the true location of which the title to the small tract in suit is to be determined.

4. ———: Notations of Subsequent Surveyor: Witness Trees: Conclusions. Objections that notations by a surveyor in his official report that he found remains and evidence of certain witness trees and other physical objects mentioned in the prior Government survey were conclusions of the surveyor and inadmissible in evidence, if not made during the trial, but only in the motion for a new trial, cannot be urged on appeal as grounds for convicting the trial court of error in overruling the motion for a new trial.

5. JUDGMENT: Ejectment: Description: Uncertainty. In an action of ejectment and to quiet title, the lands should be described in the judgment with certainty, and with such definiteness as to enable the sheriff, without other evidence, to execute the writ. If the judgment outlines a tract of 16.75 acres in a certain fractional

quarter section, but does not show the length of its four straight boundary lines, or mention any natural or erected monuments, but refers to a certain survey for its definite boundaries, it is too uncertain.

Citations to Headnotes: 1, Appeal and Error, 4 C. J. 2551, 2853; 2 and 3, Boundaries, 9 C. J. 336, 343; 4, Appeal and Error, 3 C. J. 638; 5, Ejectment, 19 C. J. 300.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing*, Judge.

REVERSED AND REMANDED.

*John H. Raney* and *A. O. Daniel* for appellant.

(1) The conclusions of surveyor H. C. Wilkinson that what he found was the "remains of" and "evidence of" certain supposed Government witness trees were improperly admitted in evidence. Blaske v. Wehmeyer, 226 S. W. 868; Koenig v. Union Depot Railway Co., 173 Mo. 698, 720; Morgan v. Hinge Mfg. Co., 120 Mo. App. 590, 609; Kent v. Miltenberger, 15 Mo. App. 480, 487. (2) The record of survey of H. C. Wilkinson was improperly admitted in evidence, it having been shown that he made that survey with relation to a corner located by him in Madison County, which said corner was not the true corner, said true corner being established at a different place by the legally elected, qualified and acting surveyor of Madison County, and said H. C. Wilkinson being the County Surveyor of Wayne County, Missouri. Diers v. Peterson, 234 S. W. 794; Clark v. McAtee, 227 Mo. 152, 185; R. S. 1919, sec. 12740. (3) The judgment is void because so indefinite and uncertain that it is impossible to tell from it what land is to be taken from appellant and delivered to respondent. Whitaker v. Bramson, Fed. Cas., No. 17526 (2 Paine, 209); Dray v. Crich, 3 Ore. 298; Devine v. Keller, 73 Tex. 364, 11 S. W. 379. (4) The finding of the court that surveyor H. C. Wilkinson surveyed

, the true line when the record of his survey is in conflict with the record of the Government survey establishing the line originally is against the law and the evidence herein.

LINDSAY, C.—In this suit the first count of plaintiff's petition sought to quiet title. The second was in ejectment. There were numerous defendants, but the appellant White was the only party contesting. It is stated by appellant that the title and right of possession sought to be established by the plaintiff is to all of the southeast fractional quarter of Section 6, Township 30 and Range 5, in Wayne County, but the petition is not set out in the abstract of the record. The southeast quarter of said Section 6 is fractional by reason of the fact that a part of it is cut off and included in what is called in the record, "Survey 2081." Survey 2081 was in confirmation of a grant by the Spanish Crown, to one Domitilla Dehault. The United States confirmation survey of the Dehault grant, referred to as Survey No. 2081, was made September 1, 1819. The lands, about 3400 acres, included within the boundaries of Survey 2081, lies in what are now the counties of Wayne, Iron and Madison. The eastern boundary line of this survey cuts through said Section 6, and through the southeast quarter thereof. This eastern boundary line running northward from the southeast corner of Survey No. 2081 runs north eight degrees east.

The plaintiff's land in the southeast fractional quarter of said Section 6 lies east of and abuts upon the defendant's land within said Survey No. 2081, and the location of the true line of division between them was the issue. The defendant in his amended answer set forth what he averred was the western boundary line of the southeast fractional quarter of said Section 6, it being a straight line beginning at a described point on the boundary line between Madison County and Wayne County, and ending at the southeast corner of said Survey No. 2081; and he averred that he was not in possession of any

part of said southeast fractional quarter. He next averred that the line aforesaid had not been recently surveyed and that it was possible he might be in possession of a very small portion of said fractional quarter, and if such should prove to be the case he tendered to plaintiff the immediate possession thereof. The defendant next averred that sundry surveys of the western boundary line of said southeast fractional quarter of Section 6 had been made, some of which were west of the line theretofore mentioned by him, and that if any such survey, west of the first mentioned line, be the true boundary line of said southeast fractional quarter, then defendant "is in possession of all of that portion of the southeast fractional quarter of said Section 6 lying west of the first said line, that is now enclosed by a fence, and that he is the owner thereof in fee simple." The defendant then disclaimed any right or title in any part of said southeast fractional quarter lying east of the line first described, and after a general denial, prayed the judgment of the court as to whether the line first described by him be the true western boundary of said southeast fractional quarter, "and if not, whether plaintiff owns or has any interest in that part thereof now under fence and lying west of said line" and for general relief.

The plaintiff in his reply alleged that the "western boundary line of the southeast fractional quarter of Section 6, mentioned in the petition and amended answer, was the true exterior boundary line of Survey No. 2081, extending from the northeast corner to the southeast corner thereof, and that none of the land owned and claimed by plaintiff in his petition lies west of said exterior boundary line of said survey, and that none of defendant's land lies east of said line, so that the sole question involved in this case is the location of said exterior boundary line of said Survey No. 2081, extending from the northeast corner to the southeast corner thereof."

The court found the issues in favor of the plaintiff. Under the first count it was adjudged that plaintiff was the sole and absolute owner of all of the southeast frac-

tional quarter of said Section 6; and under the second, that plaintiff was entitled to recover the possession of 16.73 acres of land lying along and part of the west side of said southeast fractional quarter, held by defendant White at the commencement of the action. Counsel for defendant charge that error was committed in the admission of certain evidence; that in certain particulars the finding of the court was against the law and the evidence, and unsupported by any legal evidence. It is also insisted that the judgment is void for uncertainty of description.

This is an action at law. No declarations of law were asked or given. In the absence of error in the admission or rejection of evidence the conclusions reached by the court upon substantial evidence are binding upon us. [Mathis v. Milton, 293 Mo. 134; Bingham v. Edmonds, 210 S. W. 885.]

The paramount question of fact to be determined was the location of the eastern boundary line of Survey No. 2081 along the place where the line, also constituted the western boundary line of the southeast fractional quarter of Section 6. The eastern boundary line of Survey No. 2081, from the southeast corner of the survey in Wayne County, to the northeast corner in Madison County, is about two and one-half miles in length. The location of the southeast corner of Survey No. 2081 was not in dispute among the various surveyors who testified, but there was as to the location of the northeast corner. The controversy is over the location of the northeast corner of Survey No. 2081, and by consequence of that, over the true location of the line between the two corners which should coincide in part with the west line of fractional Section 6. The plaintiff introduced in evidence the record of the field notes of the survey made in 1819, under authority of the United States, setting off the Dehault grant, and describing its eastern boundary line. The plaintiff also relied upon, and introduced in evidence, the record of a re-survey of the eastern bound-

308 Mo. Sup.—12.

ary line of Survey No. 2081, made in June 1887, by H. C. Wilkinson, then County Surveyor of Wayne County. The plaintiff also introduced in evidence the record of a survey made in 1912, by J. L. Wilkinson, then County Surveyor of Wayne County, and took the testimony at length of said J. L. Wilkinson as to other surveys made by him, one of which was made pending the trial. He also took the testimony of Harry Griffith, Surveyor and Highway Engineer of Jefferson County, who had retraced the survey made by H. C. Wilkinson. The defendant called J. M. Payton, the then County Surveyor of Wayne County, who testified as to two surveys made by him, in 1917 and 1918, the first of which was made by him in conjunction with C. T. McCormack, County Surveyor of Madison County, who also testified. After the taking of much testimony from surveyors, and others, the case was submitted, and taken under advisement. About two years after, the submission was withdrawn by consent of the court and of the parties, and additional surveying was done, by J. L. Wilkinson, who was again called by plaintiff, and further surveying was done by E. R. Moore, assisted by J. B. Daniel, one of the attorneys for defendant, both of whom afterward testified for defendant upon the further hearing by the court. There was considerable testimony from persons other than the surveyors, as to the location and character of various objects referred to and the possession or occupancy of ground by the adjacent landowners, and references to numerous surveys affecting the boundary line of Survey No. 2081, made during a period extending back as far as 1869. The defendant insists that the Payton surveys correctly located the boundary line. It is conceded that there was some discrepancy between these.

In the survey made by McCormack and Payton they located the northeast corner of Survey No. 2081 as being about 150 yards distant from the point where that corner was determined to be under the survey and report of H. C. Wilkinson. The finding of the court was in accordance with the survey made by H. C. Wilkinson in 1887, and as

resurveyed or retraced by J. L. Wilkinson. The first assignment goes against the admissibility in evidence of the record of the H. C. Wilkinson survey. When H. C. Wilkinson made his survey he was, as has been stated, county surveyor of Wayne County, and he was surveying land situated in that county, and in doing so he undertook to locate the eastern boundary line of Survey No. 2081, and to do that he undertook to locate or establish the north end of that line, which was one-half mile or more within Madison County, using for that purpose the record of the surveyor for the United States who had surveyed the Dehault grant, with such witness trees and other physical objects, referred to in the original field notes, as could be found.

The survey of this eastern boundary line by H. C. Wilkinson began from the northeast corner of Survey No. 2081, as that corner was determined by him, and extended to the southeast corner. He ran the line with relation to the point in Madison County which he concluded from the field notes and the evidence found was the northeast corner of Survey 2081, and the point in Wayne County—the southeast corner—about which there was and is no dispute. The defendant objected to the record of the survey made by H. C. Wilkinson, "in so far as it pretends to establish a corner and lines in Madison County, for the reason that H. C. Wilkinson was not the surveyor of Madison County, and had no authority to make or establish lines or corners in Madison County." The court admitted it in evidence as "competent for what it is worth."

In support of his objection to this the appellant cites Diers v. Peterson, 234 S. W. 792, and Clark v. McAtee, 227 Mo. 152, 185, and the provisions of Section 12740, Revised Statutes 1919. The section mentioned has reference to the establishment of decayed or destroyed section corners by county surveyors, and prescribes their duties therein. The cases cited are not closely applicable to the situation presented here. In Clark v. McAtee, the record offered was that of a county surveyor as to land

·and lines wholly within his own county, and the objection held good against it was that his record did not show that he "gave the distance to the points or lines from which he established the lines of the lots," as required by the statute, and also the objection that it failed to show that he established the lost or destroyed corner as required by the statute. In Diers v. Peterson, the objection to the testimony and to a plat, made by a private surveyor, was, that neither his testimony nor the plat produced gave "the distances to the points or lines from which he established the lines of the lots." It is conceded and is stated here by appellant that when H. C. Wilkinson was undertaking to determine the location of the northeast corner of Survey No. 2081, and to determine the true eastern boundary line of that survey, he was doing so in aid of and incidental to the survey of land in Wayne County and to the location of lines in Wayne County. The making of a survey of lands in Wayne County, and the ascertainment of the location of their boundary lines, constituted his primary purpose. In this he was engaged in the performance of an official act, and his record made was an official record, and as such admissible, as evidence not conclusive, but prima-facie correct. Upon the reopening of the cause, two years after the first hearing, the record of the H. C. Wilkinson survey, without objection on the part of defendant, was read into the record by J. L. Wilkinson as part of his testimony concerning the survey made by him of the east line of Survey No. 2081, wherein he began at the undisputed southeast corner, and used the field notes of the Government survey, and the record made by H. C. Wilkinson.

The defendant urges that the survey made in 1917 by McCormack, Surveyor of Madison County, and Payton, Surveyor of Wayne County, as a subsequent survey and as assuming to establish the northeast corner of the Survey No. 2081, is authoritative and must be regarded as conclusive. That survey cannot be held conclusive because the survey made later by Payton, as his testimony shows, varied from the former. The

testimony of McCormack is that in the survey made in 1917 he was assisting Payton, the Wayne County Surveyor. McCormack was indefinite and uncertain in his testimony as to many material points connected with that survey. He did not undertake to say that in the survey made by Payton and himself they found the true northeast corner of Survey No. 2081, nor that they located the east line of that survey, nor that he, as Surveyor of Wayne County, established the northeast corner. Both McCormack and Payton were uncertain as to the location of this line with reference to the land in dispute. McCormack testified: "I don't know how much of this land, in dispute in this case, lies east of the land Mr. Payton and I surveyed, but there is quite a strip of land there." Payton testified: "I have no recollection as to the amount of land cut off of Mr. White's field by the last line we ran and marked as the true line." Payton, testifying as to his second survey, said: "I commenced at the corner established by Mr. McCormack in Madison County. I didn't commence at a place identified by the Government witnesses; I didn't identify it by any Government witness trees."

Before passing, another objection made to the report of H. C. Wilkinson should be noticed. Appellant urges that the conclusions of H. C. Wilkinson that what he found was the "remains of" and "evidence of" certain supposed Government witness trees were improperly admitted in evidence. This objection was not made when the report was offered at the first hearing, nor upon its incorporation in the testimony of J. L. Wilkinson, two years later, when the case was re-opened. This objection first appears in the motion for a new trial. The report fills five pages of the abstract. In the course of it, in one place, H. C. Wilkinson made the following recital: "I then set my compass at or near the point of intersection (of certain measured lines) and find remains of a B.O. 10 in. in dia. brs. south 38 degrees east 53 links and find evidences of a hickory 6 in. in dia. brs. north 26 degrees west 26 links, thus corresponding with original field

notes." At another place there is this recital: "I use extra care as to my back sight, at 17.27 chains some evidence of a W.O. 15 in. in dia." The trial court cannot be convicted of error in overruling the motion, for a new trial, upon this objection, then first made to the court.

The other contentions made here, save one yet to be noticed, are that the findings of the court are against the weight of the evidence, and particularly that the testimony of J. L. Wilkinson is in conflict with the evidence of credible witnesses. There is conflict in the evidence, of the many surveyors testifying, and of numerous other witnesses. The court heard them in the first instance, and after the lapse of two years, and after surveys had been made pending the proceeding and the re-opening of it, heard some of the same witnesses again, and others. This is an action at law. There is certainly substantial evidence to sustain the finding, and it cannot be set aside here as being against the weight of the evidence.

The appellant insists that the judgment is void for uncertainty, in that, it is said, it is impossible to tell from it what land is to be taken from appellant and delivered to respondent. The finding of the court was that the plaintiff was the sole and absolute owner of all of the southeast fractional quarter of Section Six in Township Thirty north, of Range Five east, in Wayne County, and that the defendant White had no interest therein, and that the defendant White was guilty of trespass and ejectment in respect of 16.73 acres of land lying along the west side of said southeast fractional quarter of Section Six. This was followed by the description of the lands held by defendant, after the manner hereinafter quoted. That part of the judgment setting forth the lands which the plaintiff was adjudged to be entitled to recover from the possession of the defendant is as follows:

"And it is further considered and adjudged by the court that the plaintiff recover of the defendant, D. A. White, the possession of said lands by him held in his possession at the time this action was commenced, that is, on the 1st day of June, 1917, said lands so held comprising

16.73 acres lying along and being a part of the west side of the southeast fractional quarter of section Six (6) in Township Thirty (30) north, of Range Five (5) east, in Wayne County, Missouri, and immediately east and adjoining the eastern boundary line of Survey No. 2081, as located and shown by the survey made by H. C. Wilkinson in October, 1887, and the acreage of the land held by the defendant, D. A. White, being shown on a plat of the said 16.73 acres introduced in evidence on the trial of this case in this court and is marked 'Pf. Ex. A. 8/16, 1920'."

The plat is set forth in the record. After incorporating the plat, the judgment continues:

"Said 16.73 acres all being and lying in the southeast fractional quarter of Section Six (6), in Township Thirty (30) north, of Range Five (5) east, in Wayne County, Missouri, and that plaintiff also recover of and from the defendant, D. A. White, his damages, assessed at $109.08 by the court, and also the sum of $2.4775, the monthly value of the rents and profits of said lands and tenements, until the said plaintiff is restored to the possession of said 16.73 acres of land as aforesaid."

The rule applicable to description of land affected by a judgment in ejectment is thus stated: "The land should be designated or described with certainty, sufficient to enable a writ of possession to be executed." 15 Cyc. 176.

This court has had the subject under consideration in a number of cases. In Brummell v. Harris, 148 Mo. l. c. 446, the court said:

"There is one other error to be guarded against on the retrial of this case, if the verdict should be for the plaintiff.

"The judgment must follow the verdict, and the writ of possession must follow the judgment. Therefore the verdict must so describe the land which the plaintiff recovers, as that the description alone will show the sheriff exactly what he is to take from defendants and give to plaintiff. It is not sufficient to refer to evidence whereby the sheriff may ascertain what the jury intended

to find but failed to express. And the burden is on the plaintiff to give the jury such fixed monuments or official documentary data as will enable them to describe the land they intend him to recover with so much certainty that the sheriff, without other evidence, may execute the writ. The jury's verdict in this case described the land plaintiff was to recover as 'a strip of land belonging to plaintiff, varying in width, situated between the fence now standing and Brown's survey, the same being on the east side of,' etc., describing plaintiff's tract of land by the Government numbers. The reference to the fence now standing on the land is a sufficient designation of one side of the strip, but 'Brown's survey' is too indefinite, and 'varying width' is too indefinite.''

In Benne v. Miller, 149 Mo. l. c. 245, it was said: ''The burden is on the plaintiff to furnish evidence of such character as to enable the jury to render a self-demonstrating verdict; if the evidence is not sufficient in that respect, there can be no verdict for plaintiff.''

Other cases discussing the same subject are: Franklin v. Haynes, 119 Mo. 566; Franklin v. Haynes, 139 Mo. 311; Howell v. Sherwood, 242 Mo. 513.

The judgment here holds that the true line of division is the line run by H. C. Wilkinson, and by implication also that the H. C. Wilkinson line was retraced and correctly located by the witness J. L. Wilkinson who made the plat referred to in the judgment. No natural or erected monuments are referred to. The plat outlines the form of a tract of land as containing 16.73 acres, but it does not show the length of its four straight boundary lines, or any of them. These lines do not appear at any intersection, to intersect at right angles. The north boundary line is shorter than the south, and the east boundary line does not appear as a north-and-south line. The writ of restitution must follow the judgment, in its description of the property. The officer in executing the writ from what appears in the judgment would be under the necessity of locating according to the notes of H. C. Wilkinson, the east boundary line of Survey No.

2081, in and between its intersections with the north line and the south line, of the southeast fractional quarter of Section Six. As has been already stated, the east boundary line of Survey No. 2081 is about two and one-half miles long, and runs north eight degrees east. In a controversy such as this upon the true location of the boundary line between two landowners, such survey should have been made, such evidence taken, and such description incorporated into the judgment as would make the writ issued thereon a clear and certain guide to the officer. The judgment here in respect of description of the land is much like that held insufficient in Brummell v. Harris, supra. The judgment should be reversed and the cause remanded for further proceedings in accordance with what has been herein expressed. *Small, C.*, concurs.

PER CURIAM:—The foregoing opinion of LINDSAY, C., in Division One, is adopted as the opinion of Court in Banc; *Graves, C. J.*, and *David E. Blair, Walker* and *Woodson, JJ.*, concur; *Ragland* and *White, JJ.*, dissent; *Atwood, J.*, not sitting.