(February 7, 1927.)

BUCKEYE MINING COMPANY, a Corporation, Appellant, v. KATHRYN POWERS, GRACE POWERS, ANNA POWERS BEAN, JOSEPH THENNES and WILLIAM P. FLOOD, Trustees of the VINDICATOR MINING COMPANY and of the Stockholders Thereof, OTTO McQUESTEN and OLAF ROOD, Respondents.

[257 Pac. 833.]

MINES AND MINERALS—ACTION TO DETERMINE AND ESTABLISH RIGHTS —BURDEN OF PROOF—DEVELOPMENT WORK—EVIDENCE—LOCATION NOTICES—POSTING—SUFFICIENCY—MONUMENTS.

1. One claiming title to mining claims and having actual notice of attempted prior locations has burden of establishing that such prior locations were invalid or abandonment or forfeiture.

2. Gathering of surface ore by one locating mining claim does not constitute "development."

3. In action to quiet title to mining claims, evidence *held* insufficient to sustain finding that defendants having made attempted location had done sufficient development work.

4. Under C. S., sec. 5521, relative to erecting monument by locator of mining claim at place of discovery, posting of location notices by placing them on flat rock instead of on discovery posts and by placing in tobacco can, which was placed on ground, *held* insufficient so as to invalidate attempted location.

5. Finding that location notices to mining claims were not posted on discovery posts as required by C. S., sec. 5521, *held* sustained by evidence.

6. Requirements of C. S., sec. 5521, as to locator of mining claim erecting monument at place of discovery on which he must place his name and name of claim *held* mandatory.

APPEAL from the District Court of the First Judicial District, for Shoshone County.   Hon. Albert H. Featherstone, Judge.

Action to quiet title to mining claims.   Judgment for defendants.   *Affirmed.*

John P. Gray and James A. Wayne, for Appellant.

The placing of a notice of location in a mound of rocks is a sufficient posting of said notice and a compliance with the mining statutes.   (Lindley on Mines, 3d ed., sec. 356; *Ronahue v. Meister,* 88 Cal. 121, 22 Am. St. 283, 25 Pac. 1096; *Gird v. California Oil Co.,* 60 Fed. 531; *Green v. Gavin,* 10 Cal. App. 330, 101 Pac. 931; *Yosemite Gold Min. Co. v. Emerson,* 208 U. S. 25, 28 Sup. Ct. 196, 52 L. ed. 374; *Clark-Montana R. Co. v. Butte & Superior C. Co.,* 233 Fed. 547.)

The annual assessment work required by the mining statutes to be performed upon a mining claim must be actually performed upon said claim or for the benefit thereof, and must be of such a character as will tend to the development of the claim or add to the value thereof.   (*Bishop v. Baisley,* 28 Or. 119, 41 Pac. 936; *Dickens-West Mining Co. v. Crescent M. & M. Co.,* 26 Ida. 153, 141 Pac. 566.)

Franklin Pfirman, for Respondents.

Where a subsequent locator finds upon the ground monuments or other evidence of an attempted prior location, or has actual knowledge thereof, and yet locates the claim

Publisher's Notes.

Mines and Minerals, 40 C. J., sec. 197, p. 794, n. 62, 63; sec 268, p. 829, n. 45; sec. 394, p. 884, n. 86, 87; sec. 396, p. 885, n. 11.

as an original location, in a suit to quiet title he must either establish forfeiture or abandonment, or the invalidity of the prior location. In either case the burden is on him. (*Cunningham v. Pirrung* (Ariz.), 80 Pac. 329; *Belk v. Meagher,* 104 U. S. 279, 26 L. ed. 735, 1 Morr. Min. Rep. 510.)

The burden of proof is upon the person claiming a forfeiture. (*Swanson v. Kettler,* 17 Ida. 321, 105 Pac. 1059; 2 Lindley on Mines, sec. 643; note to *Wilson v. Freeman,* 68 L. R. A. 847.)

One who does not himself make a valid location cannot question the sufficiency of the location work done by the locator. (*Knutson v. Fredlund,* 56 Wash. 634, 106 Pac. 200; *Wilson v. Freeman,* 29 Mont. 470, 75 Pac. 84, 68 L. R. A. 833, and note.)

Forfeiture can be established only upon clear and convincing proof of such default proved against the former owner by the party assailing the title. (*Upton v. Santa Rita Min. Co.,* 14 N. M. 96, 89 Pac. 275; 2 Lindley on Mines, sec. 636, p. 582; *Thornton v. Kaufman,* 40 Mont. 282, 135 Am. St. 612, 106 Pac. 361.)

A mere intruder and trespasser cannot make his wrongdoing successful by asserting a flaw in the title of the one against whom the wrong has been committed. (*Rooney v. Barnette,* 200 Fed. 700; *Haws v. Victoria Min. Co.,* 160 U. S. 303, 16 Sup. Ct. 282, 40 L. ed. 436.)

T. BAILEY LEE, J.—Appellant, Buckeye Mining Company, brought suit to quiet title to four mining claims, Buckeye Nos. 1, 2, 3 and 4. Respondents, trustees and stockholders of the defunct Vindicator Mining Company, countered, claiming title to the territory in dispute, and basing such title upon prior locations by their predecessors of the Bull Dog, Horn Silver, Siskiyou Belle Fraction and Curraugh Buck mining claims. They also contended that appellant's locations had not been made in accordance with the mining statutes.

From a judgment in defendants' favor and an order denying plaintiff's motion for a new trial, this appeal is taken.

The court found that the Bull Dog had been patented prior to the date of plaintiff's alleged locations, and such finding not having been contested, this discussion involves only the three remaining claims. As to these three, the Horn Silver, Siskiyou Belle Fraction and Curraugh Buck, the court found actual discovery, proper location, due record of notice, and further found that for a period of over twenty years and "until the attempted location of said mining ground by the grantors of the plaintiff," the defendants and their predecessors "have remained in a quiet, peaceable, exclusive and adverse possession of said mining claims, working and developing the same, and have performed during each and every year since the location of said claims respectively more than one hundred dollars each year in labor and improvements upon or for the benefit of each of said claims (except when expressly excused therefrom by Act of Congress) for the purpose of developing said claims, and said expenditures did develop said claims and exposed commercial ore therein, some of which has been mined and marketed. Said defendants and their grantors and predecessors in interest have at all times and in all respects complied with all the requirements of the mining laws, state and national, governing the location, recording and holding of mining claims and ever since the location of said mining claims the said defendants and their predecessors in interest have been the owners of, in the possession of, and entitled to the possession of, the said Horn Silver, Siskiyou Belle Fraction and Curraugh Buck lode mining claims."

[1] The court also found that the locations relied upon by plaintiff were not made in good faith by reason of non-compliance with statutory requirements. Appellant urges that there is no evidence to support the findings and conclusions deduced therefrom. It appears from plaintiff's own testimony that at the time its grantor entered for the pur-

pose of locating Buckeye Nos. 1, 2, 3 and 4, the ground embraced therein gave visible evidence of location, occupation and development for mining purposes. The grantor locator, C. W. Julien, testified that he made an examination "to find out whether that ground really was an open piece of property." He found a six or nine hundred foot tunnel, a cross-cut facing a 370 foot lower tunnel, a mine car and tracks, old timbering, dumps and a blacksmith-shop bearing the sign "Vindicator Mining Company." Plaintiff's witness, Covert, saw a drift with ore exposed, about 1,000 feet of work in a mine tunnel, and ore in an upper tunnel which he said "was pretty nice ore." To practically the same effect was the testimony of plaintiff's witnesses Brown and Biggs, the latter of whom declared that all the new work done on Buckeye No. 1 was "to clean up old work." Plaintiff's predecessor thus being fixed with actual notice of an attempted prior location, plaintiff at the outset and before it could establish a valid location, was charged with a double burden. Primarily, it had to show that the locations of defendants' claims were invalid; and if unsuccessful in this, it had to establish an abandonment or forfeiture. (*Cunningham v. Pirrung* (Ariz.), 80 Pac. 329.) Nowhere in its pleadings does appellant contend that defendants' locations were invalid; and the record discloses an utter failure to invalidate them. That appellant conceded their original validity is evident from its introduction of evidence probative of respondents' failure to do the required assessment work. The entire evidence submitted to this end by appellant was directed to the year ending July 1, 1923, and consisted of the testimony of witnesses who, with one exception, examined the ground subsequent to that date. They testified as to the remoteness in time of the work observed, drawing their conclusions from natural appearances only. The witness, Erickson, a near-by resident, swore that he had seen no one working the claims during that year, but on cross-examination he admitted that during

the working days he was usually absent from home from 6 in the morning until 3 or later in the afternoon.

[2, 3] Opposed to the evidence of these witnesses was the direct testimony of Philpot, Swenson and McCann, who claimed to have done the assessment work. The former testified that he had dug twenty feet in tunnel No. 3, opened up tunnel No. 2, raised about ten feet and timbered, and run seven or eight feet in tunnel No. 1; that half of this work was done after July 1, 1922, and that miners' wages were $5.50 per day. He said that he had worked forty or forty-five days in all. Allowing him the most generous estimate his work was only worth $123.75. McCann swore that he worked two days in July, 1922, accounting for $11 more. Swensen testified that he worked "a good month" in September, 1922, that he "gathered this ore (from one and a half to two tons) off the surface up there, cleared the roads out and got it down off the mountain." He later said he "mined quite a bit of it." But there is no testimony by him as to how much time was devoted to either the mining or the clearing of roads. It is absolutely impossible to evaluate his labor actually devoted to legitimate development. The gathering of surface ore is not development work. On the issue of development work the defendants must therefore fail.

[4] The only remaining question is: "Did the Julien locations of Buckeye Nos. 1, 2, 3 and 4 meet the statutory requirements? Under C. S., sec. 5521, "The locator, at the time of making the discovery ; . . . . must erect a monument at such place of discovery, upon which he must place his name and the name of the claim. . . . . Monuments must be at least four feet high above the ground. . . . . " As to the posting of notices, the locator, Julien, testified: Buckeye No. 1: "I posted it at the discovery stake. That was put under a pile of stones." Buckeye No. 2: "I put that notice in a can under a mound of rocks." Buckeye No. 3: "Under a mound of rocks about three feet high—beneath a flat rock." Buckeye No. 4: "Under a flat rock at a tree." In the case

of No. 3, he said the rocks were piled against a tree serving as a discovery post.

McQuesten, a witness for defendants, who went upon the ground the last of June, 1924, testified as follows:

"Q. What did you find at these various discovery stakes, that are spoken of, if anything? A. The first one, after I worked two days, I found a notice under a rock; and after that I went about 60 feet there, and behind an old rotten stump and behind that stump was another rock and notice under there. And later on, in the summer or fall, I looked at this other place and found a notice in the same position on the ground and at one place the notice was on the ground, covered with a piece of bark; and at another place there was another notice covered with these stones and a flat rock."

Rood, another defense witness, was on the ground in May, 1924, and he testified:

"Q. I will ask you if you knew where these notices were? A. They were under a rock. One was under bark.

"Q. The one that was under bark. Which one was that? A. I think that was No. 3.

"Q. Were there any stones around there? A. There was lots of them.

"Q. I am speaking about whether there was any stones at the point where the bark was? A. No.

"Q. Was the notice under any stone? A. On No. 3?

"Q. Yes, we was speaking about this being under bark. A. No.

"Q. Was there a mound of stones there? A. No.

"Q. No. 1, did you say there was a location on No. 1? A. I seen a location notice under a rock there.

"Q. When you first saw that, what size of rock was it? You say the notice was under?

"Mr. Wayne: I object to that as immaterial.

"A. The rock was about a foot long and six inches wide—the rock was about ten inches or a foot long and five or six inches wide.

"Q. I didn't hear you.  A. I say it was a foot long—about ten inches long and five or six inches wide.

"Q. Was there more than one rock?  A. No, just one rock.

"Q. On top of it or below it?  A. On top of it.

"Q. Was there any rock around it?  A. There was dirt and rocks around it.

"Q. What I mean is, was there a pile of them?  A. No.

"Q. No. 2, did you see that?  A. Yes, sir.

"Q. When you saw it was there a pile of rocks around it?  A. No.

"Q. You saw it?  A. It was right on the ground, only one rock over it.

"Q. With one rock over it?  A. Yes."

Location notices must not only be placed *upon* the monument, but in a manner sufficiently conspicuous to be observed. According to the locator's own story, every notice was placed under a rock or rocks, none of which were four feet high as required by statute. And this notwithstanding that in more than one instance trees had been chosen as discovery posts. The court found that "none of these location notices were actually posted upon the discovery posts, but in the case of three of them was placed upon a flat rock, with another rock or rocks placed upon the notice; in the case of the fourth notice it was placed in a tobacco can, which can was placed on the ground."

[5] These findings are amply sustained by the evidence and are conclusive of the invalidity of the attempted locations.

[6] The requirements of the statute are mandatory. (*Upton v. Santa Rita M. Co.*, 14 N. M. 96, 89 Pac. 275; *Purdum v. Laddin*, 23 Mont. 387, 59 Pac. 153.)

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.