739 P.2d 385

**GOLDEN CONDOR, INC., an Idaho corporation, Plaintiff-respondent,**

v.

**Velma G. BELL, Defendant-appellant.**

No. 16461.

Supreme Court of Idaho.

June 17, 1987.

Velma G. Bell, pro se.

Hull, Hull, & Branstetter, Wallace, for plaintiff-respondent; Piatt Hull argued.

BAKES, Justice.

*Pro se* appellant, Velma Bell, appeals from a judgment of the district court which, after remand from the Court of Appeals, again quieted title to four unpatented mining claims in respondent, Golden Condor, Inc. Mrs. Bell contends that the district court's decision on remand is not supported by the evidence in the record. For the reasons explained below, we disagree and affirm the district court's judgment.

Golden Condor obtained title to four unpatented mining claims, denominated the Mountain Lion, Burton, E.R. Fields, and John Rogers, *via* quitclaim deed executed by Alfred Slawson, Sr., and Alfred T. Slawson, Jr., on February 29, 1972. Alfred

Slawson, Jr., is the controlling shareholder and president of Golden Condor, Inc. The Slawsons had previously obtained title to the four unpatented mining claims by quitclaim deeds from James Schasre, Raymond Koziuk, Charles Yenny and Kalevi Jarvinen in 1971.[1] Schasre, Koziuk, Yenny and Jarvinen each held an undivided one-fourth interest in each of the mining claims. The location notice for each claim was recorded in the Shoshone County Recorder's office. The alleged adverse claims of appellant consist of her seven mining claims denominated Ephraim Nos. 1 through 7, which she initially located in August, 1978, and relocated in January, 1979.

Respondent Golden Condor brought the initial quiet title action in April, 1979, asserting that appellant's mining claims were located over Golden Condor's four unpatented claims. At the trial, Golden Condor asserted its right to the four unpatented mining claims as the record owner of those claims *via* the quitclaim deeds executed by the Slawsons. Golden Condor contended that after obtaining title to the unpatented claims it had performed the annual assessment work for each claim as required by 30 U.S.C. § 28 in order to hold the claims, up to and including the assessment year ending September 1, 1978. By performing the annual assessment work for the year 1978, Golden Condor contended that the claims were not subject to relocation by appellant, and that Golden Condor was entitled to have title to the four claims quieted in itself subject only to the paramount title of the United States.

Appellant, on the other hand, contended that her seven Ephraim mining claims were valid locations, alleging that, at the time of her locations, the ground was public domain open to mineral entry because Golden Condor had failed to perform the assessment work for 1978. Appellant presented testimony that in June of 1978 Mr. Slawson

traveled to Idaho from Arizona to visit his aunt in Murray, Idaho. At the time of that visit, Alfred Slawson, Jr., purportedly entered into negotiations with his cousin, Guy Bell, appellant's husband, to sell Bell the unpatented mining claims in question. Apparently the two parties signed an agreement for the sale of the claims.[2] The sale was never consummated. Albert Slawson, Jr., testified that, while in Idaho during his June visit, he performed the annual assessment work on the claims and filed an affidavit with the county recorder on June 15, 1978. Appellant, on the other hand, presented testimony that, during the course of her husband's negotiations with Slawson, Slawson allegedly stated that he had not done the assessment work on the claims for the assessment year 1978, but that he would nevertheless file an affidavit with the county recorder to protect the claims. Mr. Bell testified that he visited the area where the mining claims of Golden Condor were allegedly located shortly after Slawson returned to Arizona, around June 15, 1978. Mr. Bell stated that upon visiting the location of the mining claims he found no evidence of a mineral location sufficient to meet the requirements of 30 U.S.C. § 28, and I.C. § 47–602. Based on their belief that Slawson held no valid mineral claims in the area where he purported that the four unpatented mining claims were located, appellant, Mrs. Bell, and her husband staked out and located the seven Ephraim claims in approximately the same area on July 31, 1978. Appellant filed location notices with the Shoshone County recorder on August 8, 1978, listing herself as locator. She relocated the claims on January 8, 1979, because of a late filing with the B.L.M. in October, 1978.

At the original trial, the district court, sitting without a jury, quieted title in Golden Condor on the grounds that the annual affidavits of "proof of labor" filed pursuant to I.C. § 47–606 by Golden Condor con-

---

1. The quitclaim deeds from Schasre, et al., to the Slawsons and from the Slawsons to Golden Condor are not in the record in this appeal, but were admitted in evidence at the first trial.

2. Testimony at the first trial indicates that the parties did execute a written agreement for the

sale of the claims. However, the copy of the signed agreement offered into evidence by appellant was rejected on the grounds that the original of the written agreement was required under the best evidence rule. Bell refused to produce the original agreement.

stituted *prima facie* evidence that the assessment work had in fact been done. The district court held that such evidence could not be rebutted by Guy Bell's testimony that he did not see any evidence of assessment work on the claims or evidence of a valid mineral location after the date of the affidavit filing.

Appellant appealed and the case was assigned to the Court of Appeals which issued its decision on denial of petition for rehearing on February 24, 1984. *Golden Condor, Inc. v. Bell,* 106 Idaho 280, 678 P.2d 72 (1984). The Court of Appeals affirmed the trial court on all of the issues on appeal except the issue of the assessment work. On that issue the Court of Appeals determined that the district court had given too much weight to the *"prima facie"* evidence language of I.C. § 47–606 and remanded the case for further findings limited to the single issue of whether or not Golden Condor had in fact performed the required assessment work for 1978. No petition for review was filed with this Court from the Court of Appeals decision. Accordingly, that decision is final and unreviewable on all issues except for the factual issue of whether the required assessment work had been done. *See Angel v. Bullington,* 330 U.S. 183, 189, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947) ("If a litigant chooses not to continue to assert his rights after an intermediate tribunal has decided against him, he has concluded his litigation as effectively as though he had proceeded through the highest tribunal available to him."); Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 4433 (1981).

On remand, the district court conducted another hearing on the assessment work issue and received additional evidence from the parties. The district court then determined that the 1978 assessment work had in fact been performed by Golden Condor and re-entered judgment in favor of Golden Condor. Mrs. Bell appeals that decision, in essence contending that the district court's decision is not supported by the evidence in the record. Mrs. Bell's arguments on appeal are: (1) Golden Condor has failed to produce sufficient evidence to establish the geographical location of its mining claims and therefore failed to carry its burden of proof in the quiet title action; and (2) the only additional testimony presented on remand concerning whether the assessment work was performed in 1978 was inherently unreliable and should have been disregarded by the district court. We address each of these arguments in turn.

I

■ Appellant's argument that Golden Condor failed to produce sufficient evidence to establish the geographical location of its mining claims amounts to an assertion that the location notices for the four unpatented claims in question do not satisfy the requirements of I.C. § 47–602. That statute requires a location notice to provide a sufficient physical description of the claim so as to establish its geographical location. The Court of Appeals in its decision noted that appellant had not raised the argument at trial:[3] "There was no issue as to the filing *or sufficiency* of the original location notices for these claims," *Golden Condor, Inc. v. Bell,* 106 Idaho at 285, 678 P.2d at 77 (emphasis added).[4] Therefore,

3. Appellant first raised this line of argument in her reply brief to the Court of Appeals. At page 4 of her reply brief appellant made the following assertion:

"The question before the Court is a Quiet Title Action against me, the defendant. *The plaintiffs never proved where the mining claims they claimed to own were located."* (Emphasis added.)

Appellant continues on in her reply brief asking the court to examine certain exhibits attached to her brief, the majority of which were not introduced in evidence at the first trial and therefore were not properly before the Court of Appeals

for its consideration. Based on this additional evidence outside the record on appeal, Mrs. Bell for the first time asserted that the location notices were insufficient to determine the geographical location of the four unpatented claims in issue.

4. Our own review of the record on appeal from the first trial, which is included in the record on this appeal, confirms the Court of Appeals observation. Though appellant questioned Alfred Slawson, Jr., at trial concerning the geographical location of the four claims, she never contested the answer given by Slawson or attempted to introduce any evidence to contradict Slaw-

the Court of Appeals declined to address the issue on appeal. The Court of Appeals action was in keeping with the established law in this jurisdiction that issues not presented to the trial court for its consideration will not be considered for the first time on appeal. *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 712 P.2d 559 (1985); *Masters v. State*, 105 Idaho 197, 668 P.2d 73 (1983) (parties are held to the theories on which a cause was tried in the lower court and may not raise additional or new theories on appeal).

Additionally, appellant did not petition this Court to review the Court of Appeals decision. The Court of Appeals limited the remand to the sole issue of whether the 1978 assessment work had been performed. The district court on remand was thus precluded from considering any other issue. In short, appellant is precluded from raising any issue concerning the sufficiency of the location notices either on remand or now on appeal after remand.[5]

## II

The sole issue which is properly before this Court for its determination is appellant's contention that the district court erred in finding that the assessment work for 1978 had, in fact, been performed. The only additional evidence presented on remand concerning this issue was the testimony of Harold McKeehan.[6] McKeehan testified that he worked for one and a half days in June, 1978 with Alfred Slawson, Jr., on some mines near Murray, Idaho. Appellant contends that McKeehan's testimony is unreliable and should have been disregarded by the district court. Specifically, she argues that the testimony is inconsistent with Alfred Slawson, Jr.'s, testimony at the first trial that he worked alone on the mines in performing the annual assessment

work in June, 1978. Appellant also argues that McKeehan's description of the area where the work was performed is clearly inconsistent with the description of the mine sites given by Slawson.

█ The trial court sitting without a jury was responsible for resolving any inconsistencies in the evidence presented to it. We will not interfere with or attempt to second guess on appeal the trial court's resolution of conflicting or inconsistent evidence absent a showing that the trial court's findings are clearly erroneous. I.R.C.P. 52(a); *Pointner v. Johnson*, 107 Idaho 1014, 1018, 695 P.2d 399, 403 (1985) ("The credibility and weight to be given evidence is in the province of the trier of fact, and the findings of fact by the trial judge will not be set aside unless clearly erroneous.") Such a showing has not been made in the present case. In the first instance, we have no way of reviewing the testimony given. Appellant has failed to provide us with a verbatim transcript of the proceedings held on remand. Secondly, even assuming, arguendo that Mr. McKeehan's testimony was so inherently improbable that it should have been disregarded, the trial court still had before it the testimony of Alfred Slawson, Jr., and the "Proof of Labor" affidavit for 1978. The trial court could have chosen to resolve the issue of the 1978 assessment work in favor of respondent based on this evidence alone even in the face of the contradictory testimony of appellant's witness, Guy Bell. The district court, after observing the witness's demeanor, may well have decided that the more credible testimony was that of Mr. Slawson. Again, absent a showing that the district court's resolution of the conflict between Mr. Slawson's and Mr. Bell's testimony in favor of respondent was clearly

son's response that the claims were located "one mile west of Murray, Idaho."

5. In all likelihood this result has come about due to appellant's lack of understanding of the procedural rules of law. Nevertheless, the failure to abide by such rules may not "be excused simply because [appellant was] appearing pro se and may not have been aware of the rule[s]." *Scafco Boise, Inc. v. Rigby*, 98 Idaho 432, 434, 566 P.2d 381, 383 (1977). Pro se litigants are

held to the same standards and rules as those represented by an attorney. *State v. Sima*, 98 Idaho 643, 570 P.2d 1333 (1977).

6. The record in the present case does not contain a transcript of the testimony given by Mr. McKeehan. Consequently, we must rely on the minutes of the trial court for information concerning the content of said testimony.

erroneous, we will not disturb that judgment on appeal.

The judgment of the district court on remand is affirmed. Costs to respondent. No attorney fees.

SHEPARD, C.J., and DONALDSON and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting.

The opinion authored by Justice Bakes in an admirable fashion provides the history of the case which includes the prior appeal which was assigned to and decided by the Court of Appeals, *Golden Condor, Inc. v. Bell*, 106 Idaho 280, 678 P.2d 72 (1984), first by opinion of December 8, 1983, and then by a superseding opinion of February 24, 1984. The Court of Appeals obviously devoted a considerable amount of time and attention to Mrs. Bell's first appeal, which, as here, was also a *pro se* representation. Mrs. Bell, although she does not prevail this day, hopefully will believe that the Idaho judicial system has afforded her no less consideration than would be extended to a counseled party. Unfortunately, being uncounseled, it appears from the majority opinion that Mrs. Bell is not the ultimate prevailing party in this litigation because of the majority claim that she earlier did not timely raise certain issues or theories.

The opinion for this Court which issues today turns away Mrs. Bell's argument that *"Golden Condor has failed to produce sufficient evidence to establish the geographical location of its mining claims and therefore failed to carry its burden of proof in the quiet title action."* Majority op., p. 1088, 739 P.2d p. 387. The majority, in its usual haste to affirm against a *pro se* party, "has failed" to recognize that Mrs. Bell was not the plaintiff and did not have the burden of location and description.

The opinion goes on to note that I.C. 47–602 requires that a location notice *"must provide a description of the claim sufficient to establish its geographical location."* The 1984 Court of Appeals opinion was more informative:

Public land within the designated confines of a mining district is open to mining claims under federal and state law. 30 U.S.C. §§ 23, 28; I.C. §§ 47–601 to –619. Upon discovery of a vein or lode, a claimant may perfect possessory rights over it by locating, posting and recording a claim. The claim is known as an unpatented mining claim. Location of a claim entails physically marking the claim on the ground. 30 U.S.C. § 28. The claimant also must post at the site, and file with the county recorder, a location notice describing the claim sufficiently for the public to identify it. I.C. § 47–602. *Golden Condor, supra,* 106 Idaho at 284–85, 678 P.2d at 76–77.

The case of *Norrie v. Fleming*, 62 Idaho 381, 112 P.2d 482 (1941), is even more explicit as to the requirements to be satisfied in establishing a valid claim in a quiet title action:

The statute is specific in the enumeration of things to be done in order to make a valid location of a mining claim (secs. 46–601 and 46–602, I.C.A.); and it has been held by this court that the requirement of the statute, that the location monuments be "marked with the name of the claim," is mandatory. (*Buckeye Min. Co. v. Powers,* 43 Ida. 532 [257 P. 833.]) The requirements of the statute, as to the description and identification of a mining claim, are essential in order to give constructive notice to prospectors, locators, and purchasers of mining claims. (*Brown v. Levan,* 4 Ida. 794 [46 P. 661.]) *It is equally important that the claim be described with reasonable certainty in a judicial decree,* which is to furnish the basis for the issuance of a writ of *ouster or assistance.* The officer, who is called upon to execute such a writ, is vested with no discretion and must follow the directions and be confined to the description contained in the writ. He can only dispossess the occupant of the lands described by the writ.

The rule herein above quoted from the *Hedrick-Lee* [39 Idaho 42, 227 P. 27] case has been recently stated and followed by the Alabama court in *Puryear v. Smith,* [233 Ala. 595] 173 So. 17, 18, as follows:

"We are in accord with the contention of appellant's counsel that *greater particularity is required in the description of land in complaints and judgments and decrees than in deeds* and that judgments and decrees should be so certain as to enable an officer in executing the judgment or decree to do so without the exercise of a discretion."

In *Weidlich v. Ind. Asphalt Pav. Co.,* (Wash.) [94 Wash. 395] 162 Pac. 541, at 544, the court quotes with approval the well-stated rule from *Porter v. Counts,* (Cal.) [6 Cal.App. 550] 92 Pac. 655, as follows:

"The premises should be so described that the record will furnish evidence of the limits to which title is established by the judgment, as well as to point out to the sheriff who serves the writ of possession the extent and location of the land recovered.... In order that the controversy between the parties may be definitely settled, we think the boundary lines should be accurately located and the disputed tract described with precision." (To the same effect, see: *Hill v. Barner,* (Cal.) [8 Cal.App. 58] 96 Pac. 111, 115; *Jones v. Eaton,* (Mo.) [307 Mo. 172] 270 S.W. 105, 109; *Jones v. Mount,* (Ind.) [30 Ind.App. 59] 63 N.E. 798; *Hoodless v. Jernigan,* (Fla.) [46 Fla. 213] 35 So. 656, 661; *Craig v. Mings,* (Tex.) 14 S.W. 316.) In other words, the officer can not go out and take statements from anybody as to the location and description of the property intended by the decree and writ.

The true rule is tersely stated by the supreme court of Indiana in *Ratliff v. Stretch,* [117 Ind. 526] 20 N.E. 438, as follows: "A decree quieting title to land, unless the description can be ascertained from the record, is void." *Norrie, supra,* 62 Idaho at 386–88, 112 P.2d at 484–85.

The 1984 Court of Appeals opinion did state, as noted in the majority opinion, that: "There was no issue as to the filing or sufficiency of the original location notices for these claims."

The Court of Appeals said more, however. In the very same paragraph from which the majority has excerpted a quotation of the above sentence, it went on to add gratuitously, after stating that there was no issue as to the location notices, that Golden Condor's "complaint contained a sufficient description to support a decree [of quiet title to the four claims involved] in Golden Condor. The *Norrie* case was cited for that statement.

The findings and decree in that case were far more sufficient in describing the claim than in the case which the Court of Appeals reviewed in 1984, and which we review three years later. Here is the language of the district court in the *Norrie* case:

"That the said Red Rock Lode Mining Claim is more particularly described as follows: That the said Red Rock Lode Mining claim is located in the NW1/4, Section 14, T. 1 N., R. 16 E.B.M., in the Mineral Hill Mining District, Blaine County, Idaho, and that the said mining claim extends 300 feet in width on each side of the middle of the vein at the surface on the said claim, and is 1500 feet long, being 750 feet N. 45 degrees west, and 750 feet south 45 degrees East, of the discovery point or stake on the said claim which is located S. 40 degrees 45 minutes East 940 feet, thence S. 21 degrees 30 minutes East 730 feet from the corner common to Sections 10k 11, 14 and 15, in T. 1 N.R. 16 East, Boise Meridian." *Norrie, supra,* 62 Idaho at 384, 112 P.2d at 483.

The quiet title decree in the case before us twice, first after the the first district court trial, and after additional hearing on remand, provided only these property descriptions:

NOW, THEREFORE, IN ACCORDANCE THEREWITH, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff is the owner in fee, subject to the paramount title of the United States of America, of the following unpatented lode mining claims, situated in the Summit Mining District in the County of Shoshone, State of Idaho, and recorded in the County Recorder's Office

in the County of Shoshone, State of Idaho, as follows:

| Name of Claim | Book | Page |
|---|---|---|
| Mountain Lion | E | 148 |
| Burton | L | 119 |
| John Rogers | 37 | 505 |
| E.R. Field | 37 | 503 |

and that the Defendant has no right, title, interest, claim or estate of any kind or character whatsoever in or to said lode mining claims or any part thereof, and that said Defendant and all persons claiming or who might in the future claim under or through said Defendant or any of them be, and they hereby are enjoined and debarred forever from claiming or asserting any estate, right, title or interest in or any claim of lien upon the aforesaid lode unpatented mining claims or any part thereof. R., Sup.Ct. No. 13690, Feb. 19, 1987, pp. 57–58.

And, after hearing on remand:

WHEREUPON, the Defendant appealed the judgment to the Court of Appeals of the State of Idaho, which on February 24, 1984 remanded this case to the trial court for further findings of fact on the issues of forfeiture and relocation of the subject mining claims.

WHEREUPON, on the 25th day of October 1985 and on the 8th day of November, 1985, the Court heard additional testimony pursuant to the order of remand of the Court of Appeals. The Plaintiff appeared in person and was represented by its attorney Piatt Hull and Benjamin R. Simpson of Hull, Hull & Granstetter. The Defendant personally appeared and acted as her own counsel. Proofs were submitted by the Plaintiff in support of its allegation of performance of the assessment work for the assessment year ending September 1, 1978. The Defendant submitted evidence in support of the allegations of her position, and the Court being fully advised in the premises and having made its supplemental findings of fact and conclusions of law in its Memo-

randum Decision On Remand dated March 271 1986,

NOW, THEREFORE, IN ACCORDANCE THEREWITH, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff is the owner in fee, subject to the paramount title of the United States of America, of the following unpatented lode mining claims, situated in the Summit Mining District in the County of Shoshone, State of Idaho, and recorded in the County Recorder's Office in the County of Shoshone, State of Idaho, as follows:

| Name of Claim | Book | Page |
|---|---|---|
| Mountain Lion | E | 148 |
| Burton | L | 119 |
| John Rogers | 37 | 505 |
| E.R. Field | 37 | 503 |

Said mining claims are located approximately 1 mile west of Murray, in Township 49 N., Range 4 E. Section 1 Boise Meridian and in Township 49 N., Range 5 E. Section 6, Boise Meridian, as is evidence by Plaintiff's exhibits 4 and 10 on remand and the testimony of Alfred T. Slawson and Harold McKeehen *on remand.*

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant has no right, title, interest, claim or estate of any kind or character whatsoever in or to said lode mining claims or any part thereof, and that said Defendant and all persons[1] claiming or who might in the future claim under or through said Defendant or any of them be, and they hereby are enjoined and debarred forever from claiming or asserting any estate, right, title or interest in or any claim of lien upon the aforesaid lode unpatented mining claims or any part thereof. R., Sup.Ct. No. 16461, Apr. 7, 1986, pp. 156–57.

It is to be observed that there is a difference in the two decrees in that the second decree includes this language:

Said mining claims are located approximately 1 mile west of Murray, in Town-

---

1. The action named no unknown claimants as parties defendant. Nor was there any service by publication against any unknown claimants.

ship 49 N., Range 4 E. Section 1 Boise Meridian and in Township 49 N., Range 5 E. Section 6, Boise Meridian, as is evidence by Plaintiff's exhibits 4 and 10 on remand and the testimony of Alfred T. Slawson and Harold McKeehen *on remand.* (On remand is emphasized by me).

The majority opinion which this Court issues, while declaring that "the district court on remand was thus precluded from considering any other issue [*i.e.,* sufficiency of description locating the said claims], nevertheless in its footnote 4, page 5, observes that that issue was before the trial on remand and testimony taken thereon:

> Our own review of the record on appeal from the first trial, which is included in the record on this appeal, confirms the Court of Appeals observation. Though appellant questioned Alfred Slawson, Jr., at trial concerning the geographical location of the four claims, she never contested the answer given by Slawson or attempted to introduce any evidence to contradict Slawson's response that the claims were located "one mile west of Murray, Idaho." Majority op., p. 1088–1089   n. 4, 739 P.2d p. 387–388 n. 4.

Not only was it an issue considered, but the second and final decree of April 7, 1986, utilized the Slawson testimony in an effort at better locating the property than merely being in Shoshone County, State of Idaho— but much better, and certainly not legally sufficient.

The trial court obviously did not believe itself entirely "precluded" as the majority erroneously asserts—apparently not having bothered to compare the two decrees one against the other, or the import of the language of the majority's own footnote 4.

The *Norrie* case should serve to convince anyone that the quiet title decree awarded Golden Condor has no *res judicata* effect against anyone. It was not, as even the caption of the case demonstrates, a quiet title action against the whole world, including Mrs. Bell, but an action to remove the cloud of her conflicting claim. The description of the property being fatally deficient, the decree is a nullity. Hopefully, if Mrs.

Bell initiates an action of her own, she will heed the advice of the majority's footnote 5, and retain an attorney and a surveyor. She did not "lose" the action brought against her simply because the plaintiff, Golden Condor, did not prove the case it brought against her.

The judgment should be reversed with leave to both parties to file amended pleadings which place in issue ownership of mining claims which are better described than being one mile west of Murray. If not, Mrs. Bell is free to initiate a quiet title action of her own, and both parties are cautioned that Idaho case law requires a property description which is sufficient to allow a third party, or successors-in-interest, to identify the property on the ground. Idaho Code § 6–405 provides in some detail that "any person having a bona fide claim to the possession, title of, or interest in, any real property or mining claim ... and it is necessary for the ascertainment, enforcement or protection of such rights or interest, *that an examination or survey of such property be had* ... the party desiring the same may apply to the court or the judge there of ... for an order for such examination and survey...."

Significantly, the case of *Norrie v. Fleming, supra,* is set out in the annotation to the first section of the chapter entitled Quieting Title, for the proposition, as above set forth, that a quiet title action "which described a mining claim as located on the Red Rock Lode mining claims in the Mineral Hill Mining District, Blaine County, Idaho, and recited that the claim was duly located and recorded with the County Recorder of Blaine County on Nov. 18, 1931, 'reference to the records of which are hereby made for a more detailed description of said mining claim,' was not a sufficient description to give trial court jurisdiction to enter a decree quieting title to the mining claim."

Just as late as four years ago this court, citing *Norrie v. Fleming,* and other authority, reviewed a district court quiet title decree, and because it "failed to establish a sufficiently clean description of the present location of the land ...," accordingly re-

versed the judgment "with leave to reopen for further proceedings to give the Osterlohs an opportunity to provide a survey of the property which they might properly claim ..." *Osterloh v. State*, 105 Idaho 50, 665 P.2d 1060 (1983).

In *Lewiston Lime Co. v. Barney*, 87 Idaho 462, 394 P.2d 323 (1964), Justice McFadden writing for a unanimous court, upheld as against a contention that a previous decree was not *res judicata* to the action before the court, that it was *res judicata* because "*the decree* in case no. 5769 (the provisions action) also *contained the metes and bounds description of the claim.* There was sufficient description to ascertain the location of the claims affected by the judgment in that case." 87 Idaho at 470, 394 P.2d at 327–28. The authority relied on by the court was, of course, *Norrie v. Fleming, supra,* and also the backbone of the *Norrie* case, *Hedrick v. Lee*, 39 Idaho 42, 227 P. 27 (1924).

For well over forty-five years it has been established case law in Idaho that "A decree quieting title to land, unless the description can be ascertained from the record, is void." *Norrie, supra,* 62 Idaho at 388, 112 P.2d at 485. As the court stated in its opinion, "The sole question presented here is as to whether or not the amended cross-complaint ... contained a sufficient description of any property to give the court *jurisdiction* to enter the decree, quieting title." 62 Idaho at 385, 112 P.2d at 483. On that same basis, this Court, as presently constituted, reversed and remanded in *Osterloh.*